## Case No. 6,690.

### HOPKINS v. ST. PAUL & P. R. CO.

[2 Dill. 396.] [1]

Circuit Court, D. Minnesota. 1872.

CORPORATE SUCCESSION—RAILROAD CHARTER CONSTRUED.

The St. Paul & Pacific Railroad Company is not in law the same corporation as the Minnesota & Pacific Railroad Company, and cannot be sued at law on the bonds and coupons made by the last named company.

[Cited in Hoyt v. Latham, 143 U. S. 553, 12 Sup. Ct. 570.]

Action at law upon two hundred and seventy coupons, made by the Minnesota & Pacific Railroad Company, attached to bonds, dated July 31st, 1858, secured by deed of trust of that date to Farnsworth and others as trustees, but which were delivered to the plaintiff [Edward C. Hopkins], as alleged, June 1st, 1860. It is alleged in the complaint that the said Minnesota & Pacific Railroad Company did not construct and put into operation its road from St. Paul to St. Anthony by January 1st, 1862, as required by the act of March 8th, 1861, and that by reason of this default, and of the act of March 10th, 1862, the lawful corporate name of the maker of the bonds and coupons became changed to that of the St. Paul & Pacific Railroad Company, against which judgment is sought on the coupons in suit, on the ground that it is the old corporation acting under a new name. The action rests upon the proposition that the defendant, the St. Paul & Pacific Railroad Company, is the same corporate body formerly known as the Minnesota & Pacific Railroad Company, and hence liable for its debts. The portion of the answer demurred to sets up the legislative and constitutional history of the Minnesota & Pacific Railroad from its incorporation in 1857 down to the act of March 10th, 1862, under which the St. Paul & Pacific Railroad was organized.

Mr. Masterson, for plaintiff.
Mr. Davis, for defendant.

DILLON, Circuit Judge. I have examined the legislative and constitutional history of the Minnesota & Pacific Railroad Company from its incorporation in 1857 down to the act of March 10th, 1862, under which the defendant, the St. Paul & Pacific Railroad, was organized and is acting. The demurrer to the answer presents but one question, viz: Is the defendant the same corporation as the Minnesota & Pacific Railroad Company? And this depends upon the act of March 8th, 1861 [Laws Minn. 1861, p. 236], and of March 10th, 1862 [Laws Minn. 1862, p. 247], and mainly upon the construction of the latter act.

(Here reference was made to the deed of trust to the state, of November 27th, 1858, and its foreclosure by the state; to the constitutional amendment of April 15th, 1858; to the supplemental deed of trust of November 27th, 1858; to the act of March 8th, 1861, and of March 10th, 1862.)

Looking at sections 1, 2, 9, and 12 of the act of March 10th, 1862, in the light of previous legislation, I am of opinion that it was not the legislative intention to continue the old corporation, but to create a new corporation and to give it the property and franchises of the old corporation, so far as these were held by the state.

Substantially this view was taken in this court by Mr. Justice Miller, at the June term, 1865, in the case of McDonnell v. Railroad Co. [Case No. 8,774], and it is the view which has received the sanction of the supreme court of the state in the several decisions referred to by counsel. This is an action at law, and it is decisive of it to hold that the defendant is not the same corporate body as the one that made the coupons in suit. This is all that I now decide. What equities, if any, the creditors of the former corporation may have against the existing corporation in respect of property received by it from the state, cannot be considered in this form of action. Judgment accordingly.

NOTE. Suits in equity in favor of creditors of the old corporations against the new to assert alleged equities in respect to lands, property, and franchises of the old, transferred by the state to the new corporations, have been brought and are now pending in the court.

---

## Case No. 6,691.

### HOPKINS v. SIMMONS.

[1 Cranch, C. C. 250.] [1]

Circuit Court, District of Columbia. July Term, 1805.

EVIDENCE—OPINION—HANDWRITING.

The opinion of a witness (who has seen the party sign a paper) that another paper is also in the handwriting of the same party is competent evidence, although his opinion is the result of comparison.

Assumpsit. The defendant offered in evidence an account, said to be in the plaintiff's handwriting; and Robert Ellis, a witness, testified that he saw the plaintiff sign a certain receipt; and that, by comparing the account with the signature to the receipt, he believed the account to be in the plaintiff's handwriting.

Mr. Key objected, on the authority of Peake's Law of Evidence (page 69), that comparison of hands is no evidence in any case.

But THE COURT admitted the evidence.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]