## MOORE *v.* UNITED STATES.

1. Where Congress has not provided, and no special reasons demand, a different rule, the rules of evidence, as found in the common law, ought to govern the action of the Court of Claims.
2. The general rule of the common law, disallowing a comparison of handwriting as proof of signature, has exceptions equally as well settled as the rule itself. One of the exceptions is, that if a paper admitted to be in the handwriting of the party, or to have been subscribed by him, is in evidence for some other purpose in the cause, the signature or paper in question may be compared with it by the jury. The Court of Claims determines the facts as well as the law, and may make the comparison in like manner as the jury.

APPEAL from the Court of Claims.

This was a suit to recover the sum of $5,780 on account of cotton seized by the United States.

The court below found that the petitioner, a British subject, owned and was possessed of 26⅔ bales of cotton stored in a warehouse in St. Joseph's, in the State of Louisiana.

That on the twelfth day of December, 1863, it was seized by the United States, by the boats of their marine brigade under the command of Colonel Ellet, and taken from the possession of the petitioner and sold by the United States, and the net proceeds thereof, amounting to the sum of $5,780, paid into the treasury.

That after said seizure, and while the said cotton was in a boat of the marine brigade, the said petitioner sold the said cotton, as appears by his certificate or paper-writing.

That the original of said certificate or paper-writing was proved in court by a comparison, made by the judges of the court, of the handwriting and signature of said paper-writing with the handwriting and signature of the petitioner in another paper-writing in evidence for other purposes in the cause.

The certificate referred to is as follows : —

"I certify that the co\ ,n taken by the gunboat ' Switzerland,' twenty-six bales, on the 12th December, was my property, and I sold the same and received payment in full, and that the same is registered at the British consul's office, New Orleans; and, as an act of justice, it should be returned.

"JOSEPH MOORE.

"ST. JOSEPH'S, LA., 17th December, 1863."

Judgment was rendered in favor of the defendant, and the petition dismissed.

*Mr. Joseph Casey* for the appellant.

1. The court erred in admitting proof of the execution of the paper in question by comparison of handwriting. This court has ruled that such proof is inadmissible where the witness had no prior knowledge of the handwriting. *Strother* v. *Lucas*, 6 Pet. 763; *Rogers* v. *Ritter*, 12 Wall. 321.

In Pennsylvania, comparison is only admitted in corroboration of other testimony. *McCorkle* v. *Binns*, 3 Binn. 349; *Bank* v. *Whitehill*, 10 S. & R. 110; *Bank* v. *Haldeman*, 1 Penn. 161; *Baker* v. *Haines*, 6 Whart. 266; *Depue* v. *Place*, 7 Barr, 428.

The same rule prevails in New York. *People* v. *Spooner*, 1 Denio, 343; *Titford* v. *Knott*, 2 Johns. 211; *Jackson* v. *Phillips*, 9 Cow. 94; *Wilson* v. *Kirtland*, 5 Hill, 182.

In Maryland, the doctrine that it is not competent to prove by comparison is too firmly established to be disturbed. *Smith* v. *Walton*, 8 Gill, 77; same in Kentucky, 7 B. Mon. 269; same in Alabama, 2 Ala. 703; same in Rhode Island, 2 R. I. 319; 1 Greenl. Ev., sect. 576 *et seq.*

2. If the evidence of comparison be admissible at all, it must be by experts; and it does not appear in any way that these judges, or any of them, are such experts.

3. The party against whom such evidence is admitted is precluded from testing or gainsaying in any way the accuracy or extent of the knowledge by which the instrument is decided to be his.

This is a fatal error, we think, for which this judgment should be reversed.

*Mr. Assistant Attorney-General Edwin B. Smith* for the appellee.

The execution of the paper was properly proved.

Comparison of hands has always been considered a legitimate mode of determining the authenticity of a signature. 6 Court of Claims, 429, 432; *Henderson* v. *Hackney*, 16 Ga. 521; *Mc-Corkle* v. *Binns*, 5 Binn. 340; *Lyon* v. *Lyman*, 9 Conn. 55; *Adams* v. *Field*, 21 Vt. 256; *Homer* v. *Wallis*, 11 Mass. 309; *Moody* v. *Rowell*, 17 Pick. 490; *Richardson* v. *Newcomb*, 21 id. 315; *Griffith* v. *Williams*, 1 Cromp. & Jerv. 47; *Solita* v. *Yarrow*, 1 Moody & Rob. 133.

In *Chandler* v. *Le Barron*, 45 Me. 534, the plaintiff was allowed to put in a signature that he had required his opponent's witness to write in the presence of the jury, in order that a comparison of it with the signature in controversy might be instituted by the jury, without the intervention of experts.

In very many cases (*e. g. Hicks* v. *Person*, 19 Ohio, 426) — perhaps in nearly all where the point has been made — *experts* have been allowed to compare signatures, and give their opinion thereon to the jury.

The papers upon which these opinions were formed then go to the jury, and from them they determine whether the expert came to a correct or to an erroneous conclusion. Is it not absurd to say that the jury cannot examine the papers as inde-

pendent testimony, yet can decide, upon an inspection of them, that testimony which has been given for their guide in this matter was unreliable, and the witness mistaken?

Every day, capital causes are determined by comparisons; and where, as in many States, views are ordered, comparisons are made by the jury. They see that the shoe fits an impression, or are told that it did; that a hat fits a certain head; that a child, in features and appearance, resembles or does not resemble the putative father (*Finnegan* v. *Dugan*, 14 Allen, 197); though testimony to such likeness (*Eddy* v. *Gray*, 4 id. 435) or unlikeness (*Young* v. *Makepeace*, 103 Mass. 50) is not admitted. All this is simply recognizing the existence of a natural law of similitude in the matters inquired of, and allowing the jury to determine whether or not such similarity is found in the cause upon trial.

MR. JUSTICE BRADLEY delivered the opinion of the court.

According to the facts found in this case, we think no error was committed by the court below. The only question of importance is, whether the signature to the document bearing date Dec. 17, 1863, and purporting to be executed by the claimant, was properly proved. The court compared it with his signature to another paper in evidence for other purposes in the cause, respecting which there seems to have been no question; and from that comparison adjudged and found that the signature was his. Had the court a right to do this? The Court of Claims, like a court of equity or admiralty, or an ecclesiastical court, determines the facts as well as the law; and the question is, whether they may determine the genuineness of a signature by comparing it with other handwriting of the party. By the general rule of the common law, this cannot be done either by the court or a jury; and that is the general rule of this country, although the courts of a few States have allowed it, and the legislatures of others, as well as of England, have authorized it. In the ecclesiastical courts, which derived their forms of proceeding from the civil law, a different rule prevails. The question is, By what law is the Court of Claims to be governed in this respect? May it adopt its own rules of evidence? or is it to be governed by some system of law? In

our opinion, it must be governed by law; and we know of no system of law by which it should be governed other than the common law. That is the system from which our judicial ideas and legal definitions are derived. The language of the Constitution and of many acts of Congress could not be understood without reference to the common law. The great majority of contracts and transactions which come before the Court of Claims for adjudication are permeated and are to be adjudged by the principles of the common law. Cases involving the principles of the civil law are the exceptions. We think that where Congress has not provided, and no special reason demands, a different rule, the rules of evidence as found in the common law ought to govern the action of the Court of Claims. If a more liberal rule is desirable, it is for Congress to declare it by a proper enactment.

But the general rule of the common law, disallowing a comparison of handwriting as proof of signature, has exceptions equally as well settled as the rule itself. One of these exceptions is, that if a paper admitted to be in the handwriting of the party, or to have been subscribed by him, is in evidence for some other purpose in the cause, the signature or paper in question may be compared with it by the jury. It is not distinctly stated in this case that the writing used as a basis of comparison was admitted to be in the claimant's hand; but it was conceded by counsel that it was, in fact, the power of attorney given by him to his attorney in fact, by virtue of which he appeared and presented the claim to the court. This certainly amounted to a declaration, on his part, that it was in his hand; and to pretend the contrary would operate as a fraud on the court. We think it brings the case within the rule, and that the Court of Claims had the right to make the comparison it did.                    *The decree is affirmed.*

Mr. Justice Davis did not sit in this case, and took no part in its decision.