## UNITED STATES *v.* McMILLAN.

*(District Court, E. D. South Carolina. 1886.)*

EVIDENCE—PROOF OF HANDWRITING—COMPARISON.
Handwriting cannot be proved by comparison with letters not admitted to be genuine, nor belonging to the witness testifying as to the party's handwriting, and produced in court in confirmation or explanation of his testimony.

Indictment for Using the Mail to Carry out a Fraudulent Device.
*Asst. Dist. Atty. Furman,* for the United States.
*W. St. I. Jervey,* for defendant.

SIMONTON, J. The defendant is on his trial for violation of section 5480, Rev. St., abusing the mail in carrying out a fraudulent device. The fraudulent device with which he is charged is the issuing of circulars, under several assumed names, offering for sale various articles, none of which were in his possession or control, with the intent of retaining the money sent for them, and of not furnishing the goods. The government have put in evidence three letters, said to have been written by the defendant, and signed in his proper name. One witness, to whom these letters were exhibited, has sworn to his belief that they are in the handwriting of the defendant. The letters were not the property of, nor in the custody of, the witness, and are not parts of the record. It is now proposed to examine an expert, to put in his hands the circulars alleged to have been sent out by defendant, and to prove that the defendant wrote these circulars, by the comparison of handwriting. The defendant objects. As the result of the trial depends upon the decision of this question, the ruling of the court is put into formal shape.

In South Carolina "it has been generally accepted that comparison of handwriting, as an original means of ascertaining the genuineness

of handwriting, will not be permitted, but, when introduced in aid of doubtful proof already offered, it may be allowed," (*Benedict* v. *Flanigan,* 18 S. C. 508,) and the question whether or not the evidence is so doubtful or conflicting, so as to admit this supplemental testimony, must be determined by the court, (Id. 509.)

Mr. Greenleaf, discussing this question, volume 1, § 580, says that there is conflict between the American authority upon it. The conclusion which he derives from comparison of the authorities seems to ·be more certain than the rule adopted in South Carolina. "Such papers can be offered in evidence to the jury only when no collateral issue can be raised concerning them; that is, only when the papers are either conceded to be genuine, or are such as the other party is estopped from denying, or are papers belonging to the witness, who was himself previously acquainted with the party's handwriting, and who exhibits them in explanation or confirmation of his testimony." Greenl. Ev. § 580.

In *Moore* v. *U. S.*, 91 U. S. 274, this rule is recognized. Were the testimony to be admitted upon the comparison with writing not conceded to be genuine, or which cannot be denied to be genuine, collateral issues would arise which would tend to confuse the jury, and to lead them away from the main issue.

The objection is sustained.

No other testimony having been offered connecting the defendant with the circulars, the jury were directed to find a verdict in his favor.