UNITED STATES *v.* MATHIAS

(*Circuit Court, D. South Carolina.* December 1, 1888.)

1. POST-OFFICE—OFFENSES AGAINST POSTAL LAWS—OBSCENE MATTER—PRIVATE COMMUNICATIONS.
    Sending a written communication of a personal and private nature from one person to another, under cover of a sealed envelope, is not sending obscene matter through the mails, within the meaning of Rev. St. U. S. § 3893, though the letter contains indecent or obscene matter.[1]

2. SAME—EVIDENCE—PROOF OF HANDWRITING—COMPARISON.
    On the trial in the federal court in South Carolina of an indictment for sending an obscene letter through the mails, an expert in handwriting may be

[1] For full discussions of the offense of mailing obscene matter under Rev. St. U. S. § 3893, see note to U. S. v. Gaylord, 17 Fed. Rep. 438, cited in opinion; U. S. v. Thomas, 27 Fed. Rep. 682, and note; U. S. v. Bebout, 28 Fed. Rep. 522, and note; U. S. v. Wightman, 29 Fed. Rep. 636, and note; U. S. v. Slenker, 32 Fed. Rep. 691.

asked to compare the letter charged in the indictment with one already in ev idence for another purpose, acknowledged by defendant to have been written by him, and to say if in his opinion they both came from the same hand.[1]

**3. SAME—EXPERTS—QUALIFICATION—BIAS.**

    But it is not proper to call as such expert an officer detailed by the post-office department to collect the facts in the case, and who had hunted up the testimony, and busied himself in the inception and prosecution of the case.

At Law. On indictment for sending obscene matter through the mails.

*L. F. Youmans,* Dist. Atty., *C. M. Furman,* and *H. A. De Saussure,* Asst. U. S. Attys., for the United States.

*S. W. Melton* and *Clark & Muller,* for defendant.

SIMONTON, J. The defendant is on trial under an indictment for vio lating section 3893, Rev. St., in sending an obscene letter through the mail. The letter was sent from Leesville, in this state, to the Holly Card-Works, Meriden, Conn. In the progress of the case a letter had been put in evidence, acknowledged by the defendant to have been written by him, and to have been sent through the mail by him from Leesville, addressed to the same company, at the same place. The district attorney has put upon the stand as a witness an expert in handwriting. He proposes to place in his hands this letter, and to ask him to compare it with the ob scene letter charged in the indictment, and to say whether in his opinion the two letters came from the same hand. Counsel for the defendant object. There seems to have been great confusion in the rulings of the English courts on this question. *Rex* v. *Cator,* 4 Esp. 146; *Mudd* v. *Scuckermore,* 5 Adol. & E. 703. Finally, all doubts were settled by the statutes 28 & 29 Vict. The decisions of state courts in this country vary very much on the point. The supreme court of the United States, in *Strother* v. *Lucas,* 6 Pet. 763, affirmed in *Rogers* v. *Ritter,* 12 Wall. 317, laid down the general rule that comparison of handwriting will not be admitted as evidence. The case however admits that there are excep tions to the rule. In *Moore* v. *U. S.,* 91 U. S. 270, it was held that ev idence by way of comparison of handwriting could not be admitted, un less there was in the case already admitted in evidence for another pur pose,—and we may add "or in the record,"—a paper admitted to be in the genuine handwriting of the party, with which the disputed paper could be compared. Where these circumstances exist, the two papers could go to the jury, and be compared by them. This being the law of this court, the question now is, will the examination of experts before the jury be allowed to aid them in making this comparison between the acknowledged letter, in evidence already for another purpose, and the obscene letter? There has been called to our attention no ruling of the supreme court on this point. It was suggested in argument in *Moore* v. *U. S.;* but, as its decision was not necessary in that case, nothing is said of it in the opinion. In South Carolina the rule is to admit evidence

---

[1] On the subject of proving handwritings by comparison, see Fuller v. Fox, (N. C.) 7 S. E. Rep. 589, and note; Snider v. Burks, (Ala.) 4 South. Rep. 225, and note.

from comparison of handwriting in aid of doubtful testimony. The practice in that state is that, where such comparison is admitted, the jury are assisted by the evidence of experts; indeed, of non-experts. *Bird* v. *Millar*, 1 McMul. 125; *Bennett* v. *Mathewes*, 5 S. C. 478; *Benedict* v. *Flanigan*, 18 S. C. 508. In the absence of a decision of the supreme court of the United States, the decisions of the courts of this state will be used as a guide. If the papers must go to the jury to be compared by them, —a practice recognized and approved in this country and in England,— (*Mudd* v. *Scuckermore*, *supra; Moore* v. *U. S.*, *supra; Boman* v. *Plunkett*, 2 McCord, 518,) then it is the duty of the court to aid the jury in making the comparison. Although this kind of testimony, resting on opinion, is not of a high order, and cannot control the jury, yet it may give them valuable aid in coming to their conclusion. The value of the testimony depends upon the character, experience, and skill of the experts. Non-experts can afford little or no aid to a jury of intelligence. The testimony upon this point will be confined to experts. The exception is overruled.

The government then offered as a witness M. V. Moore, post-office inspector. He was called as an expert, for the purpose of comparing the writing heretofore proved in the case with the obscene letter, to the end of testifying as to his opinion regarding the latter. The counsel for defendant interposed, and he was cross-examined as to his qualifications. See 1 Whart. Ev. § 709. It appeared that the witness had been detailed by the post-office department to go to Leesville, examine into, and collect the facts of this case; that he had hunted up the testimony, and had busied himself in the inception and prosecution of this case. Defendant thereupon objected to his competency for the purpose for which he was called.

SIMONTON, J. It has been ruled that, inasmuch as these papers are in the hands of the jury, and will be compared by them, the court can aid the jury in coming to their conclusion by the testimony of experts. This testimony is only to aid the jury, showing them the opinion of experienced and skillful men. It can in no sense control them. Where the person called to testify as an expert is one occupying the relation to the case which this witness does,—saturated with bias against the defendant, honestly convinced of his guilt, and, in the conscientious discharge of his duty, seeking to bring him to punishment,—he can afford the jury no efficient aid in coming to a fair and impartial conclusion. His evidence as an expert to the point indicated will not be admitted.

The testimony having closed, all points of law and of fact were discussed by the counsel. Thereupon the judge charged the jury as follows:

SIMONTON, J. The defendant is indicted for violating section 3893, Rev. St., in sending an obscene letter through the mail. The whole of

the evidence is in. By this it appears that the letter in question was mailed at Leesville, S. C., addressed to the Holly Card-Works, Meriden, Conn., and that it was duly delivered to this address. The defendant submitted to the court certain requests to charge. The sixth is in these words:

"*Sixth.* Written communications of a personal and private nature from one person to another, sent under cover of a sealed envelope, are not within the terms of section 3893 of the Revised Statutes of the United States, and amendments thereto, even though they contain obscene or indecent matter. If, therefore, the jury believe that the letter in question was sent under cover of a sealed envelope, they must find defendant not guilty."

This request raises a question to be determined by the court. It has been made before several district and circuit courts of the United States, and these differ in the construction of the section. It is now pending before the supreme court of the United States, awaiting a hearing. The most elaborate discussion of the question on one side is in *U. S.* v. *Williams*, 3 Fed. Rep. 484, 491, followed by *U. S.* v. *Loftis*, 12 Fed. Rep. 671. On the other is the decision of Judge DRUMMOND in *U. S.* v. *Gaylord*, 17 Fed. Rep. 438. It came up again in *U. S.* v. *Chase*, 27 Fed. Rep. 807, (circuit court Mass.,) Mr. Justice GRAY sitting with the district judge; and, the court being divided, it has gone to the supreme court. In this unsettled condition of the law on this point, with the prospect of a final decision at no distant day in the supreme court, I must give the defendant the benefit of every reasonable doubt in the solution of the question. *U. S.* v. *Whittier*, 5 Dill. 39, 42. Is a sealed letter addressed to a particular person, sent by mail, and delivered to the person to whom it is addressed, within the prohibition of section 3893, Rev. St.? The section may be divided into three parts. The first declares certain things to be unmailable matter. The second forbids any of these from being conveyed in the mails; or, if perchance they are so conveyed, they must not be delivered from the mail. The third makes it an offense for any one to deposit in the mail for delivery, or to receive from the mail any matter so declared to be unmailable, for the purpose of circulating or disposing of the same. What is declared to be unmailable matter? There are five classes: (1) Any publication, obscene, lewd, or lascivious, in the shape of a book, pamphlet, picture, paper, writing, print, or in any other form of an indecent character; (2) every article or thing designed or intended for the prevention of conception or procuring abortion; (3) every article or thing intended or adapted for any indecent or immoral use; (4) every written or printed card, circular, book, pamphlet, advertisement, or notice of any kind, giving information, directly or indirectly, where, how, or of whom, or by what means, any of the above-named matters, articles, or things may be obtained or made; (5) every letter upon the envelope of which, or postal-card upon which, indecent, lewd, obscene, or lascivious delineations, epithets, terms, or language may be written or printed. Such unmailable matter shall not be conveyed in the mails, nor be delivered from any post-office, or by any letter-carrier. The offense is defined thus:

"Any person who shall knowingly deposit or cause to be deposited for mailing or delivery anything declared to be unmailable matter, and any person who shall knowingly take the same, or cause the same to be taken, from the mail, for the purpose of circulating" [in the case of the books, pamphlets, etc.] "or disposing," [in the case of the other things,] "or of aiding in the circulation or disposition of the same."

It will be seen that the matter declared unmailable is matter intended for or within reach of the public or a part of the public, the character of which can be ascertained by inspection. It must be a publication or an article or thing intended for the prevention of conception, or to produce abortion; or an article or thing intended or adapted for an indecent or immoral use; or a written or printed card, circular, book, pamphlet, advertisement, or notice of any kind, giving information where, how, of whom, by what means, any of these articles may be obtained or made; or a letter on the envelope of which, or postal-card upon which, the objectionable terms, language or delineations may appear. So, also, it is forbidden to carry such matter in the mail, or to deliver it. How can this prohibition be obeyed unless the matter is such as can be inspected, and, upon inspection, can be seen to be unmailable? So, also, the offense is mailing or receiving from the mail for the purpose of circulating or disposing of such unmailable matter. Apply the above. A sealed letter is not a publication. *Barrow* v. *Lewellin*, Hob. 62; *Fonville* v. *McNease*, Dud. (S. C.) 303; Odger, Sland. & Lib. 150; Townsh. Sland. & Lib. §§ 101, 108. Its character cannot be discovered on inspection, except by breaking the seal, which a post-master cannot do. It is not intended for the public. It does not, in itself, show a purpose of circulation. Its seal shows that it is intended to be private, and to be confined to the person to whom it is addressed. In my opinion the evidence does not bring this case within the section of the revised statutes. The jury will find defendant not guilty.