BARNES v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 5, 1909.)

No. 1,778.

EVIDENCE (§ 197*)—COMPARISON OF HANDWRITING—STANDARD OF COMPARISON.
While papers not otherwise competent cannot be introduced for the mere purpose of enabling the jury to institute a comparison of handwriting, yet if admitted or proved to be genuine, and they are properly in evidence for other purposes, the handwriting thereof may be compared with the instrument in question, and its genuineness inferred therefrom.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 681; Dec. Dig. § 197.*]

In Error to the District Court of the United States for the Northern District of Alabama.

S. S. Pleasants, for plaintiff in error.

Oliver D. Street and J. H. Montgomery, for the United States.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

BURNS, District Judge. The plaintiff in error was convicted in the District Court under an indictment charging violation of section 3893 of the Revised Statutes (U. S. Comp. St. 1901, p. 2658), in that he deposited in a post office of the United States a certain lewd and obscene letter, which letter was thereafter delivered to the party addressed. From the verdict and judgment thereon the defendant prosecutes this writ of error.

More than 30 assignments of error are presented by the record and treated in the brief. It is not deemed necessary to consider them seriatim; it being sufficient to say that practically all of the assignments bring up for revision the action of the trial court in admitting testimony tending to establish, by comparison, that the offending letter was in the handwriting of the plaintiff in error. In the case of Moore v. United States, 91 U. S. 270, 23 L. Ed. 346, the question was whether the Court of Claims could compare a document purporting to have been executed by the claimant with his signature to another paper in evi-

dence for another purpose in the case, and from that comparison ad-, judge that the signature was his. Mr. Justice Bradley, in delivering the opinion, said:

"The question is whether they [the Court of Claims] may determine the genuineness of a signature by comparing it with other handwriting of the party. By the general rule of the common law this cannot be done either by the court or a jury, and that is the general rule of this country. But the general rule of the common law, disallowing a comparison of handwriting as proof of signature, has exceptions equally as well settled as the rule itself. One of these exceptions is that, if a paper admitted to be in the handwriting of the party is in evidence for some other purpose in the case, the signature or paper in question may be compared with it by the jury."

This case is cited with approval in Williams v. Conger, 125 U. S. 397, 8 Sup. Ct. 933, 31 L. Ed. 778, in which it was held that, while papers not otherwise competent cannot be introduced for the mere purpose of enabling the jury to institute a comparison of handwriting, yet, where other writings admitted or proved to be genuine are properly in evidence for other purposes, the handwriting of such instruments may be compared with that of the instrument in question, and its genuineness inferred from such comparison. Stokes v. United States, 157 U. S. 194, 15 Sup. Ct. 617, 39 L. Ed. 667; Hickory v. United States, 151 U. S. 303, 14 Sup. Ct. 334, 38 L. Ed. 170; Rogers v. Ritter, 12 Wall. 317, 20 L. Ed. 417; 1 Greenleaf, Ev. § 578.

It follows that the several instruments offered for the purpose of establishing by comparison the handwriting of the defendant should have been excluded.

Judgment reversed, and cause remanded, with direction to grant a new trial.