## FUSTON v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
October 17, 1927.

No. 5175.

1. Criminal law ☞491(1)—Expert may testify disputed documents were signed by defendant, on comparison with other documents admittedly signed by him (28 USCA § 638).

Under Act Feb. 26, 1913 (28 USCA § 638 [Comp. St. § 1471]), expert may properly testify that disputed documents were signed by defendant, on comparison with other documents in evidence *admittedly signed by defendant.*

2. Witnesses ☞201(2)—Attorney may testify defendant is person who signed with another name papers prepared by witness.

Attorney may properly testify that defendant is person who signed, with another name, papers prepared by witness and filed in land office.

In Error to the District Court of the United States for the District of Oregon; John H. McNary, Judge.

Chester Fuston, alias Charley Bennett, was convicted of a violation of Penal Code, § 28, and he brings error. Affirmed.

Thomas Mannix and I. C. Ankelis, both of Portland, Or., for plaintiff in error.

George Neuner, U. S. Atty., and J. N. Helgerson, Asst. U. S. Atty., both of Portland, Or.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

HUNT, Circuit Judge. Fuston, alias Charley Bennett, plaintiff in error, was convicted of violation of section 28 of the Penal Code (18 USCA § 72), in that he made and forged a certain stockraising homestead application, by signing a false and fictitious name, Charley Bennett, to the application, and that he transmitted and presented the application to the office of the register of the United States land office at The Dalles, Or. He brought this writ of error.

By stipulation certain records were introduced. The government offered a homestead application made by Chester Fuston in 1915 (Exhibit 1), and an additional homestead application by Chester Fuston made in 1917 (Exhibit 2). Counsel for defendant admitted that the exhibits were official documents, but would not admit that they were signed by Fuston. The court admitted them merely as official United States land office documents on file. The signatures were not admitted until proven. Thereupon Exhibits 3, 4, 5, and 6 were also admitted as United States land office records, but the court held that the genuineness of the signatures thereon would have to be proved. Exhibits 3 and 4 are files containing notices of intention to make proof of homestead entry, signed "Chester Fuston." Exhibits 5 and 6 relate to applications for relinquishment to certain lands, and are signed "Charley Bennett." In Exhibit 5 is an answer, verified by "Charley Bennett," in a contest proceeding then pending in the land office. In Exhibit 6 is a return receipt for registered mail, signed "Charley Bennett, by Chet Fuston." Defendant admitted that he signed that receipt. Government's Exhibits 7, 8, 9, and 10 were official documents from the motor vehicle department of the state of Oregon, each being signed "Chester Fuston," and each of which was admitted to be in the handwriting of defendant, Chester Fuston. Exhibit 11 contains a photostatic copy of a check drawn by an official of the land office to the order of Charley Bennett, indorsed "Charley Bennett."

[1] Plaintiff in error argues that the court permitted an expert witness to testify "as to similarity between certain signatures without proving them." The assignment lacks

merit, for it distinctly appears that the signatures on Exhibits 7, 8, 9, and 10 (the official state records) were admitted to be genuine, and upon such admission the court ruled that the expert could make comparisons of handwriting between such admitted signatures of Fuston and the name Chester Fuston which appeared on other exhibits introduced. Furthermore, inasmuch as a witness testified that defendant in his presence signed the name "Charley Bennett" to the answer above referred to as filed in the contest matter, it was proper to permit the expert to testify that the handwriting of the signatures "Charley Bennett" in Exhibits 5 and 6 was the same as that which appeared in several papers contained in other exhibits. None but admitted signatures were used as a basis for comparison.

Enough has been stated to show that papers admitted to have been subscribed by defendant Fuston were properly in evidence in the case; hence it was competent to permit the use of such admitted handwriting as a basis of comparison with the signatures not admitted to be genuine. Rogers v. Ritter, 79 U. S. (12 Wall.) 317, 20 L. Ed. 417; Moore v. United States, 91 U. S. 274, 23 L. Ed. 346; Williams v. Conger, 125 U. S. 413, 8 S. Ct. 933, 31 L. Ed. 778; Jones on Evidence, § 1291; Underhill on Crim. Evidence, § 429; 37 Stat. 683 (28 USCA § 638 [Comp. St. § 1471]).

[2] Over objection and exception, Mr. Brewster, an attorney at Redmond, Or., testified that defendant Fuston was in the law office of witness while he dictated and the stenographer transcribed the answer in the contest matter, heretofore referred to, wherein Fuston signed the name "Charley Bennett" in verifying the pleading before him; also to the testimony of Mr. Brewster's stenographer to the effect that defendant Fuston was in her presence while the answer was being dictated and transcribed, and that he was the same person who signed the answer as Charley Bennett. The contention is that the relation between the attorney and defendant was a confidential one, and that communications, as well as the signature to the answer, were privileged. But there is no rule of privilege between attorney and client, where the communications are made in connection with and as an aid to a scheme to commit a crime; nor does the rule apply where the client is subsequently indicted and tried for the scheme, and the testimony of the attorney is offered on the trial for the purpose of identifying the client as the person who signed a paper afterward used in furtherance of the proposed crime. Alexander v. United States, 138 U. S. 353, 11 S. Ct. 350, 34 L. Ed. 954; Com. v. Dyer, 243 Mass. 472, 138 N. E. 296; Wigmore on Evidence, § 2306. Surely the law measures up to a standard whereby, in the interest of society, an attorney may not be prevented from disclosing a fact, patent to his senses, that the defendant on trial for forgery is the same person who signed and swore to a paper afterwards filed in a public land office.

The judgment is affirmed.