254

In re STEINREICH ASSOCIATES, Inc.
No. 279.

Circuit Court of Appeals, Second Circuit.
April 20, 1936.

Feiring & Bernstein and Joseph Dannenberg, all of New York City (Michael Feiring and Barney Bernstein, both of New York City, of counsel), for trustee.

Meyer Marlow, of New York City (George Robert Cohen, of New York City, on the brief), for appellant Magurno.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellee is the duly qualified and acting trustee in bankruptcy of Steinreich Associates, Inc., a New York corporation which was adjudged a bankrupt in the District Court for the Southern District of New York on February 15, 1935. Upon his petition, both the appellant and one Joseph S. Zeman were required to show cause why a summary order should not be entered requiring them or either of them to turn over $6,400 as money belonging to the bankrupt estate. The order was entered against the appellant alone, and from that this appeal has been allowed.

It appeared that the appellant was the sales manager of the bankrupt, and that Joseph S. Zeman had been its vice president and general manager until December 1, 1934, when he resigned. Some time previously to that date Zeman had obtained $6,400 from Kenneth P. Steinreich as an advance to Steinreich Associates, Inc., which was deposited in the bankrupt's checking account in the Pennsylvania Exchange Bank. As Steinreich wanted his part in the transaction to remain undisclosed, Zeman had the bankrupt's books show that amount as a loan obtained by the bankrupt from the estate of A. Zeman, which had no existence in fact.

When Zeman resigned a week's salary of $50 was due him, and on December 7th the appellant, who had taken over some if not all of Zeman's former duties, asked him by telephone to come to the office of the bankrupt and get his salary. Zeman declining to do so, it was arranged that the two meet that afternoon at a hotel. They did and appellant then gave Zeman the $50 for which he took a receipt. He also handed him an envelope which appellant testified a Miss Steinreich, who was employed by the bankrupt and had authority to sign checks for it, had asked him to deliver to Zeman. The envelope contained the bankrupt's check for $6,400 drawn to the order of J. S. Zeman on the Pennsylvania Exchange Bank, which Zeman took out and said was not made out to the right payee. The appellant then telephoned to Miss Steinreich to send another. She sent one by a messenger at once signed by her in blank. When it arrived the appellant, at the direction of Zeman, filled in the face of that check making it payable to the order

of J. S. Zeman for estate of A. Zeman for the amount of $6,400 and destroyed the first one. Then Zeman indorsed the second check in the name of the payee as written. On the following day the check was cashed at the bank and the amount charged to the bankrupt's account. The supposed purpose of the drawing of the check and its indorsement was, according to Zeman, to make it possible to close the account of estate of A. Zeman on the bankrupt's books by showing payment and then to deposit the proceeds of the check in the bankrupt's account. However that may be, the fact remains that the bankrupt's bank account was decreased by the amount of the check and no corresponding deposit ever made.

What did become of the money was much in dispute. The appellant testified that Zeman put the check in his pocket after indorsing it and that he never had it again or any of the proceeds. Zeman testified that after he indorsed the check he gave it back to the appellant and that he neither cashed it; knew who did; had any of the proceeds; nor knew who did get them. The check as returned by the bank bore the initials "J. M." A Mr. Miller, a vice president of the bank, who had been a friend of both Zeman and the appellant and had had to do with the bankrupt's account in the bank, testified that some time between nine and noon on the morning of December 8, 1934, Zeman came to the bank with the check and, upon a teller's refusal to cash it, brought it to the witness, who then initialed it to show that the indorsement was that of Zeman the man who presented it for payment. Zeman and three other witnesses testified that they spent that day together on Long Island, leaving New York before 9 o'clock in the morning when the bank opened, and that Zeman did not return until late in the evening. The teller who cashed the check could remember nothing about it, knowing that he did cash it merely because it bore his stamp.

Upon this evidence which was not only conflicting but impossible to reconcile, the referee found that Zeman had indorsed the check and returned it to appellant who cashed it and received the proceeds. He found expressly that the evidence of Miller and of the appellant was unworthy of belief. The District Judge was of the same opinion.

■ The appellant, faced with adverse findings on such opposing evidence, has a heavy burden to overset them here. Some of the witnesses are mistaken to put it mildly. Both the appellant and Miller had previously testified in an examination under section 21a, Bankr.Act (11 U.S.C.A. § 44 (a), and there were some discrepancies in the appellant's testimony though Miller's was essentially the same both times, about the only difference being that at the first hearing he had no independent recollection that it was Zeman for whom he initialed the check basing his testimony that it was on his practice to do that only for the person he knew to be the actual indorser, while at this hearing he was positive that it was Zeman who had him do it. The witnesses who testified that Zeman was with them all that day on Long Island fixed the date by reference to other events which gave substance in reason to their testimony which was in no way impeached. In such a situation we have no substantial grounds for overriding the findings of fact, concurred in by the district judge, which the referee made after seeing and hearing the witnesses testify. The decisive factor is one of credibility as to which the referee was in by far the better position to judge rightly. We are therefore unable to find any error in respect to the facts found.

■ The petition alleged that the proceeds of the checks were received by appellant and Zeman or by one of them with intent to hinder, delay, and defraud the creditors of the estate and to conceal that property of the bankrupt from the creditors and the trustee, and that they or one of them so receiving it were in possession or control of it. Though the sufficiency of the petition was challenged, it was ample for a summary proceeding where the merits are to be explored without much regard to formality in pleadings. The appellant was well advised by the petition of the charge he had to meet and that was enough. See Continental Illinois Nat. Bank v. Chicago, Rock Island Ry. Co., 294 U.S. 648, 681, 682, 55 S.Ct. 595, 79 L.Ed. 1110.

■ There is no question of any adverse claim to the money. The appellant simply says he never had it. Accepting as we do the finding that he did have it, it follows that in the absence of any explanation as to what he has done with it, he

is subject to summary order to turn it over to the trustee; the inference being that he still has it in his possession or under his control. In re H. Magen Co., 10 F.(2d) 91 (C.C.A.2).

Order affirmed.