## In re GOLDBERG.
### No. 454.

Circuit Court of Appeals, Second Circuit.
July 12, 1937.

Max E. Sanders, of New York City, for bankrupt.

Weil, Gotshal & Manges, of New York City (Horace S. Manges and Arthur L. Nathanson, both of New York City, of counsel), for appellant.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.
Sol Goldberg, individually and in business as Goldson Mills, was adjudicated a bankrupt on an involuntary petition in the District Court for the Southern District of New York on September 25, 1936, and Nathaniel Kaplan was that day appointed receiver. He filed a motion on October 19, 1936, for an order to show cause why a turn-over order should not be entered against the bankrupt. On October 28th, the return day, the matter was referred gener-

ally to a referee. On November 5, 1936, the first meeting of creditors was held and Kaplan was elected trustee. The turn-over proceedings were set down for hearing before the referee on November 12th. On that day the bankrupt filed his answer and the matter was continued to November 24th without the introduction of any evidence. On the last-named date, when the parties were ready to proceed, the referee discovered that because of an error in using the wrong rubber stamp in the office of the clerk the reference had been made in terms to him as special master instead of as referee. Attention of the parties was called to this, and application for correction was at once made to the District Judge who had originally made the order. He corrected it nunc pro tunc. The trustee was then substituted for the receiver as the moving party and thereupon the introduction of evidence began. The result of the proceedings was an order made on January 27, 1937, requiring the bankrupt to turn over certain money, vouchers, books, and a merchandise inventory.

This order came on for review before a District Judge who agreed with the referee in all respects as to the sufficiency of the evidence to support the order but, being of the opinion that the referee was without jurisdiction because of the above-mentioned mistake of the clerk in the original order of reference, dismissed the petition. As to this, the trustee obtained leave to appeal.

During the course of the proceedings before the referee, checks were introduced which the bankrupt contended were not properly proved to have been signed by the bankrupt and that his ability to comply with the order was not shown. He, accordingly, insists that the order of reversal should be affirmed even if the referee had jurisdiction and the ground of reversal was wrong.

■ On the question of jurisdiction the District Judge fell into error in failing to note the effect of General Order 12 (11 U. S.C.A. following section 53) and rule 20 of the local Bankruptcy Rules which both provide that after adjudication and reference the designated referee shall have jurisdiction of all the proceedings except those required by the act or the general orders to be had before the judge. Thus the jurisdiction of the referee was established, and an order of reference by the judge to a special master would have been erroneous and of no effect to deprive the referee of jurisdiction. In fact, there was but an irregularity in the clerk's office which was noticed and corrected before any evidence was taken so that no one was placed under any misapprehension even as to the capacity in which the referee was empowered to act and was acting. There being no lack of jurisdiction, the turn-over order should have been confirmed unless otherwise erroneous.

There was overwhelming evidence to show that the bankrupt had taken the money, books, and papers which he was ordered to turn over. He was, therefore, subject to the turn-over order made unless he could, and did, show how he had disposed of what he had taken and that he was in consequence unable to turn it over to the trustee. In re Steinreich Associates, Inc., (C.C.A.) 83 F.(2d) 254. And he made no such proof.

■ Certain checks and documents purporting to bear the signature of the bankrupt were admitted in evidence over the objection that his signature upon them had not been proved. Two checks, however, were admitted without objection which bore the bankrupt's signature and these afforded proper standards of comparison. 28 U.S.C.A. § 638. With those in evidence the referee was able to decide as to the admissibility of the papers bearing the disputed signatures. Moore v. United States, 91 U.S. 270, 23 L.Ed. 346.

■ The reception of the evidence of a witness who did not profess to be an expert on handwriting that he saw the bankrupt endorse three of the checks and that in his opinion the other signatures were written by the same person was but a permissible method of making use of the standards of comparison. Hopkins v. Simmons, 1 Cranch, C.C. 250, Fed.Cas.No. 6,691. It may have been of little weight but that was for the referee and did not make the evidence inadmissible.

Order reversed, with directions to confirm the order of the referee.