### In re MUR–MO DRESS, Inc.

District Court, S. D. New York.
June 24, 1938.

Hahn & Golin, of New York City (J. Jacob Hahn, of New York City, of counsel), for trustee.

Max E. Sanders, of New York City, for respondent Futterman.

Wegman & Climenko, of New York City, for respondent Hasenberg.

David Haar, of New York City, for respondent Bernfeld.

PATTERSON, District Judge.

The trustee in bankruptcy brought a petition to compel the three officers and stockholders of the bankrupt company to turn over some 2,389 dresses. The referee took testimony and at the conclusion of the hearings dismissed the petition.

The bankrupt company made and sold women's dresses. The trustee proved conclusively that some 2,389 dresses belonging to the company which should have been on the premises on June 15, 1937 when an assignment for the benefit of creditors was made, were not on hand. The trustee also showed that the period during which the dresses disappeared was between March 31, 1937 and June 15, 1937. Much more was proved. According to the uncontradicted testimony of the bankrupt's accountant, he reported to the three respondents on June 10th that as of May 31st there should have been 2,700 dresses on the premises but that a count showed a shortage of 1,200. The respondents gave him no explanation. By June 15th the shortage had increased to 2,389 dresses. An employee of the bankrupt company testified that in June the respondents were frequently in conference at the premises in the evening, that on June 7th the respondent Bernfeld told him that the purpose in purchasing a quantity of piece goods had been to have a pretended burglary, to which the employee replied that he wanted no part in it and insisted that the goods be returned to the sellers. The payment of debts which the respondents had personally guaranteed was also proved,—a sign that preparations for bankruptcy were under way.

13

The respondents did not dispute the shortage. They claimed that some 331 dresses had been given away or shipped on sales calling for smaller quantities. For the balance no explanation was attempted. Each respondent denied that he had taken any or had any in his possession. They admitted that the accountant had reported the shortage of 1,200 dresses as of May 31st; one was "surprised", another called it a "deep mystery", the third was "furious" at the news. Nevertheless a further shortage occurred after this incident. The pretended robbery, according to two of the respondents, was the suggestion of one Pedinoff, an employee, and was rejected by them. The referee regarded these incidents as suspicious. He denied relief to the trustee, however, because he found that Pedinoff, while called an employee, was "a concealed stockholder" and had an opportunity to take the missing merchandise. The respondent Hasenberg, who spent most of his time at his own factory in New Jersey, testified that Pedinoff was at the bankrupt's premises looking out for his interests.

The dismissal was error. There is not a scrap of evidence that Pedinoff took any dresses. The mere fact that he had an opportunity to take them is of no significance. The successive shortages were not disputed. The respondents were the officers and stockholders, active in the business and present on the premises during the period when the dresses were taken. They gave no explanation. They could not have failed to notice that half the merchandise that should have been in the place was missing. We may be sure that the respondents would not have allowed Pedinoff, whether mere employee or concealed stockholder, to take such a large quantity of goods for his own benefit. The trustee proved possession and control of the goods in the respondents, who gave no explanation of what had become of them. The only reasonable inference is that the respondents removed the dresses and have them or their proceeds in their possession. In re Magen Co., 2 Cir., 10 F.2d 91; In re Steinreich Associates, 2 Cir., 83 F.2d 254; In re Gordon, Inc., D.C.Pa., 8 F.Supp. 416.

The referee's order will be reversed and an order will be made requiring the respondents to turn over the missing property or its proceeds.