**BOWLES v. KENNEMORE.**

**No. 5168.**

Circuit Court of Appeals, Fourth Circuit.

Jan 10, 1944.

Fleming James, Jr., Director, Litigation Division, Office of Price Administration, of Washington, D. C. (George J. Burke, General Counsel, Thomas I. Emerson, Deputy Administrator for Enforcement, David London, Chief, Appellate Branch, and Morton Abrahams, Senior Attorney, Office of Price Administration, all of Washington, D. C., George D. Patterson, Jr., Regional Enforcement Attorney, of Birmingham, Ala., and F. Carlisle Roberts, South Carolina Enforcement Attorney, of Columbia, S. C., on the brief), for appellant.

Alfred F. Burgess, of Greenville, S. Car. (C. Granville Wyche and Thomas A. Wof-

ford, both of Greenville, S. Car., on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and COLEMAN, District Judge.

PER CURIAM.

This appeal is taken from a judgment of the District Court dismissing a petition of the Administrator of the Office of Price Administration for an injunction to restrain the defendant, J. E. Kennemore, from violating Maximum Price Regulation No. 165, as amended, which was promulgated pursuant to the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C. A.Appendix, § 901 et seq.

The regulation as amended provided inter alia that on and after August 19, 1942, no person should sell or supply certain services at a price higher than the regulation permitted. The services listed included those rendered in cleaning, dyeing and pressing clothing, garments, household fabrics and similar commodities. The highest prices fixed by the regulation were the highest prices charged by the seller in March, 1942. The regulation required that every person subject to the Act should prepare and keep for examination during business hours in his place of business a base-period statement showing the highest prices charged by him in March, 1942 and should file a duplicate thereof with the appropriate War Price and Rationing Board of the Office of Price Administration.

The complaint alleged that the defendant is engaged at Greenville, South Carolina, in supplying services of the character described, and that since August 19, 1942 he has demanded and received prices in excess of the highest permissible prices and that he threatens to continue in such unlawful conduct. Upon this complaint, supported by affidavits, a temporary restraining order was issued ex parte and later revoked and an answer was filed denying the allegations of the complaint. The case came on for hearing before the District Judge whereupon the plaintiff produced certain evidence to sustain the allegations but the judge deemed the evidence insufficient and dismissed the complaint. We are to determine whether this conclusion was justified in view of the testimony offered, which may be summarized as follows:

A statement purporting to be signed by the defendant and filed with the Green-

542

ville County War Price and Rationing Board on December 11, 1942 was produced from the files of the Board by the clerk thereof, who testified that it was filed with her on September 10, 1942 and that it was the only basic period statement pertaining to the defendant's business on file with the Board. The statement purported to show the maximum prices charged by the defendant in March, 1942. The clerk, however, was unable to identify the signature appended to the statement as the signature of the defendant and said she did not know whether he had signed it or not. The defendant was called by the plaintiff as a witness in order to ask him to identify the signature but upon the objection of his attorney he was excused from testifying on the ground that his testimony might incriminate him. Other statements, admittedly signed by the defendant, listing the prices charged by the defendant during the year 1943 were also introduced in evidence. The statements last mentioned and other testimony tended to show that on and after February 22, 1943 the prices charged by the defendant with respect to at least some of the services listed were in excess of prices charged for the same services by the defendant in March, 1942 according to the basic period statement on file with the Board.

 It follows that a case was made out against the defendant at the hearing if the authenticity of the basic period statement was established. The judge, however, admitted the statement only for the limited purpose of showing that such a statement had been filed with the Board by some one unknown to the custodian thereof, and refused to admit it as a document originating with the defendant. This ruling was erroneous. It is firmly established in the federal courts that a trier of facts, whether judge or jury, may compare writings in evidence which are admitted to have been made by a person with writings that he disputes in order to determine whether all the writings were made by the same person. Stokes v. United States, 157 U.S. 187, 15 S.Ct. 617, 39 L.Ed. 667; Greenbaum v. United States, 9 Cir., 80 F.2d 113, 124; In re Goldberg, 2 Cir., 91 F.2d 996.

In the pending case the similarity of the signatures was very evident. The disputed document was produced from the office where, if genuine, it was required by law to be filed, and no motive for the falsifica-

tion of the paper has been suggested. Indeed in the absence of any denial or explanation on the part of the defendant the conclusion that the basic period statement bears his genuine signature seems to be irresistible. If it had been received in evidence as the act of the defendant, a prima facie case for the plaintiff would have been made out and the issuance of an injunction in the absence of any explanation or defense would have been justified. The judgment of dismissal will therefore be reversed and the case will be remanded for a new trial at which the defendant will be at liberty to present any defense which he may desire to offer.

Reversed and remanded.