Mr. Justice Field
delivered the opiniou of the court:
This case comes before us on appeal from the Court of Claims. The action was brought to recover compensation for services alleged to have been rendered by the claimant’s intestate, William A. Lloyd, under a contract with President Lincoln, made in July, JLS61, by which he was to proceed south and ascertain the number of troops stationed at different points in the insurrectionary States, procure plans of forts and fortifications, and gain such other information as might be beneficial to the Government of the United States, and report the facts to the President ; for which services he was to be paid two hundred dollars a month.
The Court of Claims finds that Lloyd proceeded, under the contract, within the rebel lines, and remained there during the entire period of the war, collecting, and from time to time transmitting, information to the President, and that upon the close of the war he was only re-imbursed his expenses. But the court, being equally divided in opinion as to the authority of the President to bind the United States by the contract in question, decided, for the purposes of an appeal, against the claim, and dismissed the petition.
We have no difficulty as to the authority of the President in the matter. He was undoubtedly authorized during the war, as commander-in-chief of the armies of the United States, to employ secret agents to enter the rebel lines and obtain information respecting the strength, resources, and movements of the enemy1-, and contracts to compensate such agents are so far binding upon the Government as to render it lawful for the President to direct payment of the amount stipulated out of the contingent fund under his control. Our objection is not to the contract, but to the action upon it in the Court of Claims. The service stipulated by the contract was a secret service; the information sought was to be obtained clandestinely and was to be communicated privately; the employment and the service were to be equally concealed. Both employer and agent must have understood that the lips of the other were to be forever sealed respecting the relation of either to the matter. This condition of the engagement was implied from the nature of the employment, and is implied in all secret employments of *189 fheGovernment iu time of war, or upon matters affecting our foreign relations, where a disclosure of the service might compromise or embarrass our Government iu its public duties, or endanger the person or injure the character of the agent. If upon •contracts of such a nature an action against the Government •could be maintained in the Court of Claims, whenever an agent should deem himself entitled to greater or different compensation than that awarded to him, the whole service in any case, and the manner of its discharge, with the details of dealings with individuals and officers, might be exposed, to the serious •detriment of the public. A secret service, with liability to publicity in this way, would be impossible, and as such services are sometimes indispensable to the Government, its agents in those services must look for their compensation to the contingent fund of the Department employing them, and to such allowance from it as those who dispense that fund may award. The secrecy which such contracts impose precludes any action for their enforcement. The publicity produced by an action would itself be a breach of a contract of that kind, and thus defeat a recovery.
Tt may be stated, as a general principle, that public policy forbids the maintenance of an5T suit in a court of justice, the trial of which would inevitably lead to the disclosure of matters which the law itself regards as confidential, and respecting which it will not allow the confidence to be violated. On this principle, suits cannot be maintained which would require a disclosure of the confidences of the confessional, or those between husband and wife, or of communications by a client to his counsel for professional advice, or of a patient to his physician for a similar purpose. Much greater reason exists for the application of the principle to cases of contract for secret services with the Government, as the existence of a contract -of that kind is itself a fact not to be disclosed.
Judgment affirmed.