POLLEN et al. v. FORD INSTRUMENT CO., Inc. (UNITED STATES, Intervener).

No. 8432.

District Court, E. D. New York.

Feb. 15, 1939.

John V. Lizars, of New York City (Arthur Wright, of New York City, of counsel), for plaintiff.

Victor D. Borst, Sp. Asst. to Atty. Gen., for defendant.

Vine H. Smith, U. S. Atty., of Brooklyn, N. Y.

GALSTON, District Judge.

The plaintiffs have moved for an order requiring the defendant, Ford Instrument Company, Inc., to produce and permit plaintiffs to inspect drawings showing the construction of range keepers or other apparatus for determining sighting data for guns, manufactured by the defendant and sold to others than the United States Government, which embody the principles disclosed and described in certain of defendant's patents; they also request descriptions showing the function and relationship of the parts of the drawings; and of every device and apparatus for the charting of ships at sea which were manufactured by the defendant and sold to others than the United States Government; and copies of all correspondence exchanged between the defendant or its agents and the Argo Company, Ltd., and its principals, Arthur Hungerford Pollen and Harold Isherwood.

Presumably this motion is made pursuant to Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Rule 34 provides in part: "Discovery And Production Of Documents And Things For Inspection, Copying Or Photographing. Upon motion * * * the court in which an action is pending may (1) order any party to produce and permit the inspection * * * of any designated documents * * * not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control."

The following letters patent with their dates of issue are involved:

Letters patent No. 1,162,510, issued November 30, 1915.

Letters patent No. 1,162,511, issued November 30, 1915.

584

Letters patent No. 1,232,968, issued July 10, 1917.

Letters patent No. 1,077,965, issued November 4, 1913.

Letters patent No. 1,123,795, issued January 5, 1915.

Letters patent No. 1,314,208, issued August 26, 1919.

It is alleged that the various inventions pertain to the same subject matter and are adapted to be used together as well as separately and are capable of being embodied and used in connection with the control of gun fire, and that during the lives of each of said patents were so embodied and used and sold by the defendant. The allegation of infringement covers the period both after and within the six years prior to the filing of the amended complaint on October 6, 1938. Plaintiffs accordingly seek an injunction and an accounting of damages and profits.

The answer denies infringement and alleges invalidity of the plaintiff's patents, avers that recovery under letters patent No. 1,077,965 is wholly barred by the statute of limitations, and that as to the remaining patents recovery for any profits or damages prior to December 6, 1931, is barred by the statute of limitations. The answer also alleges that for more than six years prior to the filing of the bill of complaint the defendant manufactured the material solely for the United States Government and that all material thus manufactured and sold related to naval gun fire control and had a confidential status by regulation of the United States Navy Department and was produced and sold under military order of secrecy, and that the defendant is precluded from divulging any information regarding material manufactured by it without permission of the proper United States Naval authority having been first had and obtained.

The Government moved to intervene as a party defendant and was permitted to do so. Thereupon on January 6, 1939, the Government filed its answer wherein it set forth that the subject matter of the suit involves a military secret and that any disclosure of the structures used by the Navy or others authorized by it would be detrimental to the national defense and the public interests.

This motion is vigorously opposed. The affidavit of William Holden, treasurer of the defendant, Ford Instrument Company, Inc., recites that the company has made no range keepers or other apparatus for determining sighting data for others than the United States Navy, nor has it sold any such apparatus to others than the United States Navy since 1929; also that the defendant Instrument Company never sold or delivered any such apparatus to others than the United States Navy except by direction of and with the knowledge and permission of the United States Navy represented by the Secretary of the Navy; that the Instrument Company has never built or sold any device or apparatus for charting ships at sea; and finally that the Instrument Company is under strict injunction of secrecy by the United States Navy Department as to the construction of range keepers or other apparatus for determining sighting data for guns which it has built for or with the permission of the Navy Department, and that information regarding such apparatus could be disclosed only with the permission of the Navy Department.

The situation disclosed is exceedingly interesting. On the one hand we have, through the issuance of these various letters patent, a grant by the Government itself of an absolute monopoly. On the other hand we have the assertion of a paramount government right, the inherent right of self-preservation for purposes of national defense. In effect, therefore, the motion is resisted because of the paramount law.

There is no question that in the ordinary infringement suit the Government has no greater rights than those of any other alleged infringer and that it would be subject to the same rules of practice as those provided for all litigants. But here we have a unique situation disclosed for not only does the defendant Instrument Company assert the right of privilege but its position is reinforced by a letter written by the Honorable William D. Leahy, Acting Secretary of the Department of the Navy, addressed to the Attorney General, wherein, after reference is made to the pending motion, the Secretary says:

"The Ford Instrument Company, Inc., since its inception has been continuously pledged to secrecy by the Navy Department not to disclose any information relating to these devices or to sell to others such devices except as specifically authorized by the Navy Department. In furtherance of this policy Naval officers have con-

585

tinuously been assigned to the Ford Instrument Company, Inc., and the reports of these officers do not indicate that the Ford Instrument Company, Inc., has manufactured any structures in violation of this agreement. To require the Ford Instrument Company, Inc., to furnish the information called for in plaintiff's motion would be to cause them to violate the provisions of the Espionage Act, 50 U.S.C. §§ 31, 32, 50 U.S.C.A. §§ 31, 32.

"No authorization has been issued to the Ford Instrument Company, Inc., since 1929 to manufacture devices of this character for others than the United States Government.

"There is forwarded herewith the affidavit of William R. Furlong, Rear Admiral, U. S. Navy, who has been personally familiar with these facts for many years.

"It is requested that this information be directed to the attention of the judge before whom the plaintiff's motion will be heard to the end that no order will issue requiring the disclosure of details of instruments of this character manufactured for use by the United States or others specifically authorized by the Navy Department, since this information would be detrimental to the national defense."

The subject matter of this suit is collateral to and identical with the subject matter in a suit pending against the United States Government in the Court of Claims in which plaintiff's patents, Nos. 1,162,510, 1,162,511, and 1,232,968, are involved. In that suit the plaintiffs filed a motion calling upon the Navy Department for documents disclosing the construction of fire control apparatus. The Secretary of the Navy, acting pursuant to the provisions of Title 28 U.S.C. Sec. 272, 28 U.S.C.A. § 272 (Sec. 164 of the Judicial Code) declined to comply with the call for information on the ground that "compliance would be injurious to the public interest."

■ Then the plaintiffs in that suit issued subpoenaes directed to certain naval officers and to employees and former employees of the Ford Instrument Company, Inc., to adduce the evidence. That was objected to on the ground that the disclosure of the evidence sought would be in violation of the provisions of the Espionage Act, 50 U.S.C. §§ 31, 32, 50 U.S.C.A. §§ 31, 32. The objection was sustained. The plaintiffs then sought to instruct the defendant to proceed with the case in camera and to instruct the witnesses to

testify over the objection of Government counsel. The Commissioner of the Court of Claims overruled both motions with permission to the plaintiffs to submit them to the full bench. The court thereupon denied the plaintiff's motion, and referring to Sec. 164 of the Judicial Code, held that the Court of Claims could do no more than issue the call. It overruled the argument advanced that the exercise of a testimonial privilege placed in the hands of the Navy Department a power and authority to defeat all patent suits against the Government. The opinion states: "The presumption obtains that in the exercise of the authority good faith will characterize the conduct of the Government officials in discharging their duties. In any event, in this case there is no proof that it has been exercised arbitrarily, capriciously, or with intent to injure the plaintiffs." Though the provisions of Sec. 164 of the Judicial Code do not apply to District Courts, nevertheless they will not disregard the doctrine of public policy therein stated. See, also, Moore v. United States, 91 U.S. 270, 23 L.Ed. 346; Bliss Co. v. United States, 253 U.S. 187, 40 S.Ct. 455, 64 L.Ed. 852.

■ Of course, during a state of war there is not the slightest doubt that the public interest calls for the maintenance of secrecy upon inventors of military ordnance. Totten v. United States, 92 U.S. 105, 23 L.Ed. 605. If it be argued that such holding should not be extended to times of peace, the answer is found in the exercise of a sound discretion by the executive branch of the Government. Certainly when the Secretary of the Navy formally announces to the Department of Justice that the disclosure would be detrimental to the national defense, the suggestion cannot lightly be ignored at any time.

Moreover, it is idle to assert that the Ford Instrument Company, Inc., is not entitled to the asserted testimonial privilege for on the facts disclosed in the pleadings and moving papers the Ford Instrument Company is under rigid terms of secrecy. It is as though the Government were manufacturing the alleged infringing devices itself.

■ From the complaint it appears too that plaintiffs could obtain no injunction since all of the patents involved in the litigation have expired and there is nothing other than bare allegation of the manufacture and sale of infringing devices

within the last six years, or even prior thereto. On a motion of this kind the mere naked assertion of the plaintiffs, in view of the character of the opposing affidavits is not sufficient.

Finally attention must be directed to the limitation of Rule 34. That rule provides that the court in a pending action for good cause shown, may call upon the adverse side to produce documents, but specifically limits the production to those "not privileged."

In the circumstances the documents sought must be deemed privileged for all the reasons set forth, and the motion must be denied. Settle order.