**WALLING, Administrator, Wage and Hour Division, United States Department of Labor, v. J. FRIEDMAN & CO., Inc., et al.**

District Court, S. D. New York.

Aug. 16, 1944.

See also 61 F.Supp. 325.

Irving Rozen, Regional Atty., of New York City, for plaintiff.

Otterbourg, Steindler & Houston, of New York City, for defendants.

RIFKIND, District Judge.

Plaintiff moves for an order vacating in part a notice of examination served by some of the defendants and quashing a subpoena duces tecum served in connection therewith. The action is by the Administrator of the Wage and Hour Division of the Department of Labor to enjoin violation of Section 15(a) (1) of the Fair Labor Standards Act, 29 U.S.C.A. § 215

---

(a) (1), namely, the shipment in interstate commerce of goods produced in violation of Section 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 207.

It is alleged in the complaint that S. & A. Clothing Co., Inc., produced goods in violation of Section 7 and that Rosenberg, Lieblich and Frank violated Section 15(a) (1) by shipping such goods in interstate commerce. Rosenberg, Lieblich and Frank by their notice of examination seek to take the deposition of Irving Rozen, Regional Attorney for plaintiff, Philip D. Held, an inspector of the Wage and Hour Division, and Frank Sulluvan, an officer of S. & A. Clothing Co., Inc. The motion to vacate is addressed to the examination of Rozen and Held.

The subpoena duces tecum requires Rozen and Held to produce "all books, papers, records, reports of accountants, reports of investigators and other reports of the Department of Labor in any wise touching upon or relating to the above cause," etc. The motion to quash the subpoena is directed to only so much of the subpoena as is addressed to Rozen and Held.

Upon the argument the moving defendants consented to have the notice and subpoena vacated as to Rozen.

 As to Held, I find difficulty in framing many questions relevant to the issues which would survive an objection on the ground of competence or an assertion of privilege; but it is unnecessary for me to prejudge the event. Some matters he may clearly be able to testify on, as will hereinafter appear. Conceivably, he has knowledge of facts and may be able to give testimony which is both competent and relevant. The motion to vacate the notice of examination as to him is denied.

The subpoena duces tecum insofar as it is addressed to Held must be quashed. The only papers to which defendants are entitled are the books and records of S. & A. Clothing Co., Inc., which are in custody of plaintiff. In order to see these books and records defendant should move under Rule 34 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for discovery and inspection with sufficient particularity to satisfy the requirements of the rule. At the moment defendants may not be in a position to state with particularity the books and papers to be discovered. After the examination of Held they will be.

Discovery and inspection cannot be had by notice, Rule 34.

The rest of the subpoena addressed to Held calls for a license to defendants to examine the case file of their adversary's lawyer. Rule 30 is not broad enough to warrant it. McCarthy v. Palmer, D.C.1939, 29 F.Supp. 585; Floridin Co. v. Attapulgus Clay Co., D.C.1939, 26 F.Supp. 968.

In thus disposing of the motion I fail to reach the question whether the regulation adopted by the Secretary of Labor under the provisions of 5 U.S.C.A. § 22, prohibiting the disclosure of departmental records without the consent of the Secretary constitutes in itself a sufficient ground for plaintiff's motion. A similar regulation promulgated by the Secretary of the Treasury was held valid in Boske v. Comingore, 1900, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846. See also Ex parte Sackett, 9 Cir., 1935, 74 F.2d 922; Federal Life Insurance Co. v. Holod, D.C.1940, 30 F.Supp. 713; Pollen v. Ford Instrument Co., Inc., D.C.1939, 26 F.Supp. 583.

In none of these cases was the government a party plaintiff. Perhaps that makes a difference. I find it unnecessary to decide the question.

The notice of examination is vacated as to Rozen and the subpoena is quashed as to Rozen and Held.