## NOLA ELECTRIC, Inc. v. REILLY.

United States District Court
S. D. New York.

Nov. 29, 1950.

Writ of Certiorari Denied March 6, 1951.

See 71 S.Ct. 570.

See also 93 F.Supp. 164.

Weil, Gotshal & Manges, New York City, Edward C. Wallace, Edward L. Merrigan, New York City, of counsel, for plaintiff.

William J. Mahon, New York City, John T. Cahill, Mathias F. Corres, New York City, of counsel, for defendant.

GODDARD, District Judge.

Motion for discovery.

The plaintiff is suing defendant for breach of contract and seeks to recover $300,400 for defendant's refusal to transfer upon plaintiff's demand 1700 shares of stock of Todd Shipyards Corporation, of which the defendant is President.

Plaintiff has moved, pursuant to Rule 34 Fed.Rules Civ.Proc., 28 U.S.C.A., for discovery of two letters and memorandum, written or transmitted by defendant and alleged to be in the files of the Bureau of Internal Revenue, Washington, D.C. An order is sought which would require defendant to apply to the Commissioner of Internal Revenue for copies of them and then produce them for inspection and reproduction.

Plaintiff applied to the Commissioner for copies and was advised that it was the general policy of the Bureau not to furnish copies to third parties or upon subpoena, but that copies would be supplied to the person who filed the papers in question upon his request.

Defendant denies having copies of the documents himself, but does not contest their relevancy to the main action. It appears that they were voluntarily submitted in connection with an investigation into plaintiff's property conducted by the Bureau of Internal Revenue; that because the plaintiff had been deficient in taxes and a jeopardy assessment had been entered against it, the Bureau was then seeking information concerning such of plaintiff's assets as might be in the possession of defendant. The statements made by the defendant in reply to the Bureau's inquiries relate directly to the status of certain securities whose ownership is now at issue.

Defendant resists the motion upon two grounds. First, it is asserted that the documents are privileged communications and, therefore, not subject to production under Rule 34. Second, it is argued that the Rule is inapplicable inasmuch as the documents are said to be beyond defendant's "possession, custody, or control."

Defendant endeavors to avail himself of the well-recognized common law privilege designed to protect the identity of government informers. Vogel v. Gruaz, 1884, 110 U.S. 311, 4 S.Ct. 12, 28 L.Ed. 158. 8 Wigmore on Evidence, § 2374 et seq. (3rd Ed. 1940). Clearly, defendant is outside its scope, not only because his identity is known, but because the in-

formation he supplied related to his own affairs rather than to the conduct of third parties.

█ Also, statutes have conferred privileges in certain cases covering matters required by law to be reported to some administrative official. 8 Wigmore, supra, § 2377. Again, defendant is not in position to successfully invoke the doctrine. Nevertheless, it is within the executive authority to promulgate regulations severely limiting disclosure of the contents of Government files. Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846.

Correspondence and material filed with the Bureau of Internal Revenue of the character now under consideration are deemed "confidential" by the Commissioner and copies of them are furnished only to and upon the request of the writer of the document. The fundamental question is whether this policy is adopted as a means of security for the Bureau's records, and avoiding possible embarrassment to it from indiscriminate access to the records and undesirable exploitation of the information and material so obtained, or is founded upon the public interest to remove any impediment so that the Government may more readily obtain information which it desires.

In one area—Selective Service records —the courts have considered the privilege broad enough to protect the registrant. The Regulations classify the data as confidential, but permit disclosure of the file to the registrant. At least as to certain matters therein contained, he has not been compelled to make the information available to third parties. Gray v. Bernuth, Lembcke Co., D.C., 8 F.R.D. 358; Federal Life Ins. Co. v. Holod, 30 F.Supp. 713; see Young v. Terminal R. R. Ass'n of St. Louis, D.C., 70 F.Supp. 106, 107, 109.

On the other hand, although income tax returns are classified as "public records," 26 U.S.C.A. § 55(a), the administrative regulations do not allow third parties to have access to them, but permit inspection by the maker of the return or his representative. See 26 C.F.R. § 458.50 et seq. Nevertheless, copies of income tax returns are not, by most courts, held "privileged", Connecticut Importing Co. v. Continental Distilling Corp. D.C., 1 F.R.D. 190; Judson v. Buckley,[1] Volk v. Paramount Pictures,[1] Contra: O'Connell v. Olsen & Ugelstadt, D.C., 10 F.R.D. 142, and a party can be compelled to secure a copy from the Internal Revenue authorities. Reeves v. Pennsylvania R. Co., D.C., 80 F.Supp. 107; cf., The Sultana, D.C., 77 F.Supp. 287; see In re Hines, 2 Cir., 69 F.2d 52.

The divergence of the courts in dealing with the two preceding situations has been commented upon in Moore's Federal Practice, as follows:

"The variation in judicial attitude toward tax returns and Selective Service files has not been explained by the courts, but it is undoubtedly due to the difference in the type of information involved, for while tax returns relate chiefly to the taxpayer's business and financial affairs, much intimate personal data is contained in draft board records." Supra, Vol. 4, pp. 1169-1170 (2nd Ed. 1950).

There are additional reasons which are persuasive that the Selective Service analogy should be rejected in the case at bar. Unlike most items in a registrant's file, the statements made by defendant herein were not solicited under penalty of law for default, but were voluntarily submitted.

█ Furthermore, in the situation at bar, it is farfetched to suspect that defendant's fear of subsequent disclosure would have burdened the Government in obtaining an accurate response to its inquiries. Whether the Bureau was seeking property on behalf of plaintiff, or plaintiff was attempting to reclaim it himself, the influence affecting the nature of defendant's reply would be the same. Any prior statement which may be prejudicial to the defendant as against the plaintiff now, was at least as damaging when made to the Bureau. In furtherance of complete justice, unless clearly indicated, privileges defeating legitimate objects of discovery should not be extended.

1. No opinion for publication.

Though the Commissioner of Internal Revenue has had occasion to observe the papers on this motion, there has been no assertion that the documents now sought are of such character that their production would be inimicable to the public welfare. Cf., Pollen v. Ford Instrument Co., D.C., 26 F.Supp. 583.

I think that the copies of the papers in question are within the "control" of the defendant, for it appears that they will be furnished to the defendant by the Commissioner if the defendant requests them. The decision in Reeves v. Pennsylvania R. Co., supra, is directly in point and I agree with what is there said, in which it was held in connection with income tax returns, that where the Government has permitted the documents to be open to the taxpayer for inspection and copying, he has "such a potential right to the custody or control of the copies as to require production of such copies". 80 F.Supp. at page 109.

The defendant is directed to apply to the Commissioner of Internal Revenue for copies of the said letters and memorandum, and upon obtaining them, produce them for the plaintiff's inspection and copying.

Settle order on notice.