**TUCKER v. UNITED STATES.**
**No. 101-53.**

United States Court of Claims.
Feb. 2, 1954.

Grattan Booth Tucker, *pro se.*

William A. Stern, II, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

PER CURIAM.

Plaintiff claims pay and allowances for services he alleges were performed for the Psychological Warfare Branch, Military Intelligence Department, under direct Executive order for service (Executory Contract) "under specialty contract with the Federal Bureau of Investigation, on an Executive Order with consent of the Senate, Art. 2, Sec. 2, Const., USA." He includes the following allegations:

"2. The services performed by the plaintiff as hereinafter set forth and for which suit is brought, were performed by him under conditions of utmost secrecy, in line of duty, under the supervision of agents of the United States Secret Service and of the C. I. D. of the Armed Services and of the Department of Justice, F. B. I., and of the Central Intelligence Agency as a result of an Executive Order by the late Franklin Delano Roosevelt during his second term of office as President of the United States of America. Said services were performed and continue to be performed within the continental limits of the United States, in Mexico, in Europe (Coblentz, Berlin, Dusseldorf, etc.); in Africa and in the Far East since

his separation from the Regular Army on November 9, 1942, by special order of General Buck as a result of before-mentioned Executive Order of President Roosevelt.

"3. During the period November 9, 1942 to November 17, 1947, the plaintiff did contribute his services voluntarily and without thought of compensation to the Government while on 24 hour call of any and all of the governmental intelligence agences performing the duties assigned him in counterespionage and anti-criminal activities, having been ordered briefly to Germany where he operated behind enemy lines in 1945; to Mexico for an assignment under direction of the State Department and the F. B. I. in 1947; and to Korea in 1950. The plaintiff has served throughout the United States in the containment and prosecution of criminal and un-American activities."

Plaintiff claims an expense allowance of $10,000 from November 9, 1942 to November 17, 1947 (while in apprenticeship), more or less depending on exact computation. He also claims

"Annual payment per se $50,000 from November 18, 1947 to date of this Petition. And further stipulation by the Court that quarterly payments of $12,500 be made directly to plaintiff by the Treasurer of the United States in keeping with existing statutes of our Constitution."

It is clear from the petition that plaintiff is seeking to recover pay for his services from November 9, 1942 to November 17, 1947 at the rate of $50,000 per year, and $10,000 as expenses under an alleged contract for secret services which he alleges were performed at the instance of the Chief Executive. He makes the direct allegation that part of his services were performed behind enemy lines.

We are not permitted to allow recovery in a case of this kind under a rule of law that was clearly stated in the case

of Totten v. United States, 92 U.S. 105, 106, 23 L.Ed. 605.

In that case plaintiff sought to recover for services alleged to have been rendered under a contract with Abraham Lincoln under which the claimant's intestate was to secure military information and report to the President for which he was to be paid $200 per month.

In a unanimous opinion rejecting the claim, the following language was used:

"\* \* \* The service stipulated by the contract was a secret service; the information sought was to be obtained clandestinely, and was to be communicated privately; the employment and the service were to be equally concealed. Both employer and agent must have understood that the lips of the other were to be for ever sealed respecting the relation of either to the matter. This condition of the engagement was implied from the nature of the employment, and is implied in all secret employments of the government in time of war, or upon matters affecting our foreign relations, where a disclosure of the service might compromise or embarrass our government in its public duties, or endanger the person or injure the character of the agent. If upon contracts of such a nature an action against the government could be maintained in the Court of Claims, whenever an agent should deem himself entitled to greater or different compensation than that awarded to him, the whole service in any case, and the manner of its discharge, with the details of dealings with individuals and officers, might be exposed, to the serious detriment of the public. A secret service, with liability to publicity in this way, would be impossible; and, as such services are sometimes indispensable to the government, its agents in those services must look for their compensation to the contingent fund of the department employing them, and to such allowance from it as

those who dispense that fund may award. The secrecy which such contracts impose precludes any action for their enforcement. The publicity produced by an action would itself be a breach of a contract of that kind, and thus defeat a recovery."

Applying the rule of law thus clearly stated the petition is dismissed.

It is so ordered.