This case is before us on defendant’s motion to dismiss plaintiff’s petition. We agree with defendant and thus dismiss the petition.
Plaintiff alleges she was an employee of the Central Intelligence Agency (CIA), hired to perform espionage activities in Cuba. Her contract of employment allegedly commenced in December 1964 and ceased when she was released from a Cuban prison in 1977. Plaintiff further alleges the defendant paid some of the money owed her but has refused to pay the balance she claims is owed: expenses, related costs, medical bills, and various disability, social security and other compensation benefits.
Defendant’s motion to dismiss is premised on Totten v. United States, 92 U. S. 105 (1875), and our order in Simrick v. United States, 224 Ct. Cl. 724 (1980).,
Totten is very similar to our case, involving the beneficiaries of an estate who sued the United States for money allegedly owed the decedent as a result of espionage work performed during the Civil War. The Supreme Court assumed the decedent had a contract with President Lincoln to "proceed South and ascertain the number of troops stationed at different points in the insurrectionary States, procure plans for forts and fortifications, and gain such other information as might be beneficial to the government of the United States * * * for which services he was to be paid $200 a month.” 92 U. S. at 105-106.
The Supreme Court held that such a claimant could not enforce his contract in the Court of Claims:
The service stipulated by the contract was a secret service; the information sought was to be obtained clandestinely, and was to be communicated privately; the employment and the service were to be equally concealed. Both employer and agent must have understood that the lips of the other were to be forever sealed respecting the relation of either to the matter. This condition of the engagement was implied from the nature of the employment, and is implied in all secret employments of the government in time of war, or upon matters affecting our foreign relations, where a disclosure of the service might compromise or embarrass our government in its public *719 duties, or endanger the person or injure the character of the agent. If upon contracts of such a nature an action against the government could be maintained in the Court of Claims, whenever an agent should deem himself entitled to greater or different compensation than that awarded to him, the whole service in any case, and the manner of its discharge, with the details of dealings with individuals and officers, might be exposed, to the serious detriment of the public. A secret service, with liability to publicity in this way, would be impossible; and, as such services are sometimes indispensable to the government, its agents in those services must look for their compensation to the contingent fund of the department employing them, and to such allowance from it as those who dispense that fund may award. The secrecy which such contracts impose precludes any action for their enforcement. The publicity produced by an action would itself be a breach of a contract of that kind, and thus defeat a recovery. [Id. at 106-107.]
Simrick applied the holding of Totten to a supposed agent of the CIA who alleged Totten, which involved a direct spy, was inapplicable to himself, a more or less administrative employee. This court rejected that analysis on the ground that the assertion and defense of such a case would reveal secret matters which should not be disclosed. Relying then on Totten, we held the secrecy imposed by such espionage-type contracts precludes any action for their enforcement.
Plaintiff here does not even mention the Simrick order. Instead, plaintiff alleges that under United States, v. Reynolds, 345 U. S. 1 (1953), Totten is no longer the law. The panel in Simrick, however, disagrees with plaintiff; it held the Totten holding was summarily reaffirmed in United States v. Reynolds, 345 U. S. at 11 n.26. 224 Ct. Cl. at 727. Thus, we reject that argument of plaintiffs.
Plaintiff also asserts that the defendant waived a Totten-type defense. While plaintiff was released from the Cuban prison due to the efforts of then Senator Frank Church, such action cannot be construed as a public confirmation or publication that plaintiff performed espionage services for the United States. Cf. United States v. Marchetti, 466 F. 2d 1309, 1318 (4th Cir.), cert. denied, 409 U. S. 1063 (1972) (rumor and speculation are not the equivalent of public disclosure; and the presence of that kind of surmise is no *720 reason for avoidance of constraints on publication). Nor can defendant’s assertion before the district court that such court lacked jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. (1976), because plaintiff failed to file an administrative claim, as required by 28 U.S.C. §2675, constitute a public admission of plaintiffs allegations.
In short, this case is controlled by Totten and Simrick. We are satisfied that the defendant has properly invoked this privilege. Because of the nature of the parties’ alleged agreement, it is obvious the claim could not be prosecuted or defended without revealing secret matters which should not be disclosed. Hence, "The secrecy which [the alleged contract] impose[s] precludes any action for [its] enforcement.” Totten, 92 U. S. at 107. Cf. Snepp v. United States, 444 U. S. 507 (1980) (per curiam) (highlighting the importance of confidentiality with respect to intelligence gathering).
it is therefore ordered, without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed.
Plaintiffs petition for a writ of certiorari was denied December 14,1981.