RE, Chief Judge.
Plaintiff, Yu Due Guong, alleging that he was recruited by the Central Intelligence Agency (CIA) to pursue covert military operations against North Vietnam, sued to recover damages for breach of his employment contract. He appeals from an order of the United States Claims Court which dismissed the complaint on the ground that the alleged contract was unenforceable under the principle enunciated in Totten v. United States, 92 U.S. 105, 23 L.Ed. 605 (1875). In view of the requirements of 28 U.S.C. § 2502, the Claims Court also stated that it did not have jurisdiction of the case.
The question presented on this appeal is whether the Claims Court erred in dismissing plaintiffs complaint under the holding of Totten v. United States. Since the alleged contract required the performance of covert military operations, we hold that it is a contract for “secret services” which may not be judicially enforced. Accordingly, the order of the Claims Court is affirmed.
BACKGROUND
Plaintiff, a Vietnamese, alleges that in November 1962, he was recruited by the CIA to participate in a program of covert military operations against North Vietnam. According to plaintiff, the CIA agreed to compensate him for his services as a saboteur, and, if he were captured or imprisoned while behind enemy lines, the United States would promptly rescue him. If rescue attempts should fail, his wife would continue to receive his pay during his imprisonment.
Plaintiff alleges that on March 15, 1964, while on a sabotage mission at the mouth of the Giang River in North Vietnam, he was captured by North Vietnamese forces. The United States Department of Defense, which had assumed control of the CIA operations against North Vietnam in 1964, failed to rescue him, and stopped paying his wife his monthly salary after March 1965.
On January 17, 1980, plaintiff escaped from prison, returned to his village, and rejoined his family. In the spring of 1980, he left Vietnam by boat, and eventually made his way to the United States.
In 1986 plaintiff commenced this action. In count one of his complaint, plaintiff asserted entitlement to an award of back pay of $449,201.45, which included allowances for interest and inflation. In count two, he claimed entitlement to an award of $21 million because “the United States was obligated to repatriate him from imprisonment in North Vietnam” and failed to do so. In lieu of filing an answer, the United States moved to dismiss plaintiffs complaint for failure to state a claim upon which relief could be granted, and for lack of jurisdiction.
In an order dated September 30, 1988, the Claims Court granted defendant’s motion to dismiss the complaint, and stated:
[T]he secrecy principles set forth in Totten v. United States, supra, are applicable to bar plaintiff’s asserted monetary claim. Judicial proceedings with respect to plaintiff’s claim would involve the specifics of the asserted ‘implied-in-fact’ contract, including questions concerning the authority of the ‘contracting officer’ and the extent of compliance with any such *371 contract. Proof of the claim and/or any defenses thereto could only serve to breach the admittedly secret or covert nature of the asserted undertaking.
Vu Duc Guong v. United States, No. 21-86C, slip op. at 3 (Ct.Cl. Sept. 30, 1987) (citation omitted).
In a footnote to the order, the Claims Court noted thát “the complaint also fails to state a claim within the jurisdiction of the Claims Court in view of the requirements of 28 U.S.C. § 2502” because “[pjlaintiff does not allege that he was a citizen of the United States and, if not a citizen, fails to set forth the existence of the requisite reciprocity.” Id. at 3 n. 1.
DISCUSSION
In urging affirmance, defendant relies upon the holding and reasoning of Totten v. United States, 92 U.S. 105, 23 L.Ed. 605 (1875). In Totten, the administrator of Tot-ten’s estate sued to recover compensation for services performed by Totten for President Lincoln as a spy in gathering information about Confederate military installations and troop movements. The Supreme Court rejected the administrator’s action because the secrecy which contracts for secret services impose “precludes any action for their enforcement.” Id. at 107. The Supreme Court explained:
The service stipulated by the contract was a secret service; the information sought was to be obtained clandestinely, and was to be communicated privately; the employment and the service were to be equally concealed. Both employer and agent must have understood that the lips of the other were to be for ever sealed respecting the relation of either to the matter. This condition of the engagement was implied from the nature of the employment, and is implied in all secret employments of the government in time of war, or upon matters affecting our foreign relations, where a disclosure of the service might compromise or embarrass our government in its public duties.
Id. at 106.
Plaintiff attempts to distinguish his services from those in Totten, and argues that Totten applies to contracts for “secret services,” and not to sabotage activities. He insists that he was not engaged to perform secret services, but that he “was employed as a saboteur.” He maintains that “his job was to blow up ships in North Vietnamese harbors,” and that such work, by its very nature, is not secret or concealed. We do not agree.
The words of the Supreme Court are clear and unambiguous that “[bjoth employer and agent must have understood that the lips of the other were to be for ever sealed respecting the relation of either to the matter.” Id. Hence, it cannot be doubted that Totten stands for the proposition that no action can be brought to enforce an alleged contract with the government when, at the time of its creation, the contract was secret or covert. We are equally certain that the words secret and covert are synonymous, and, as stated in Totten, “the existence of [the] contract ... is itself a fact not to be disclosed.” Id. at 107.
Plaintiff also suggests that Totten only prohibits the disclosure and enforcement of those contracts which would compromise current government secrets. This interpretation of the case is also without merit. The Totten case was decided over ten years after the end of the Civil War, and whatever military secrets Totten might have uncovered during the war were certainly not current military secrets in 1875. Hence, the basis of the refusal to enforce the alleged contract in Totten was the secret nature of the contract itself.
Plaintiff, nonetheless, contends that his cause of action falls outside the Totten prohibition. He maintains that he may sue in this case because the covert military operations in which he was engaged have been publicly revealed in books and memoirs published by former CIA and military officials. In plaintiff’s words, they are “a fact of history, long known to the whole world, including North Vietnam.”
Certain former government officials and military historians may perhaps have un *372 covered and divulged details of military actions in which plaintiff claims to have participated. The legality of those disclosures, however, are governed by other standards or principles which reflect strong First Amendment concerns. See Snepp v. United States, 444 U.S. 507, 100 S.Ct. 763, 62 L.Ed.2d 704 (1980); New York Times Co. v. United States, 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971). Those cases, however, do not modify the Totten precedent, and do not deal with a cause of action against the government predicated upon an alleged contract for secret or covert services. See Mackowski v. United States, 228 Ct.Cl. 717, 719 (1981) (equivocal official statements “cannot be construed as a public confirmation or publication that plaintiff performed espionage services for the United States”). Thus, as stated in defendant’s brief, “neither publications nor the passage of time obviate the Government’s need to protect secret [or covert] information and what may seem historical trivia to [the plaintiff] may be of great moment to the government, which has a much broader view of the world scene.”
Plaintiff believes that he can prove his case without revealing any secrets. Nevertheless, he states that,
if he were required ... to divulge the name of the person who recruited him into the ... operations, he could do so. While the name of the recruiter is hardly in the category of a military secret, if, for some reason, the defendant or trial court did not want it publicly divulged, the plaintiff would be happy to comply.
Thus, plaintiff contends that, even if there is a “residue of secrets” after recent disclosures, those secrets, by an application of the state secrets privilege, could be heard or considered by the court in camera. For this suggestion plaintiff cites United States v. Reynolds, 345 U.S. 1, 10, 73 S.Ct. 528, 533, 97 L.Ed. 727 (1953).
The state secrets privilege excludes evidence where “there is a reasonable danger that compulsion of the evidence will expose military matters which, in the interest of national security, should not be divulged.” Id. at 10, 73 S.Ct. at 533. The privilege “operates to foreclose relief for violations of rights that may well have occurred by foreclosing the discovery of evidence that they did occur....” Halkin v. Helms, 690 F.2d 977, 990 (D.C. Cir.1982).
A close reading of Reynolds reveals that it does not limit or modify the authority of Totten or its rationale. In Reynolds, the Supreme Court noted that “even the most compelling necessity cannot overcome the claim of privilege if the court is ultimately satisfied that military secrets are at stake.” Reynolds, 345 U.S. at 11, 73 S.Ct. at 533-34. See also Ellsberg v. Mitchell, 709 F.2d 51, 57 (D.C. Cir.1983) (“When properly invoked, the state secrets privilege is absolute.”), cert. denied, 465 U.S. 1038, 104 S.Ct. 1316, 79 L.Ed.2d 712 (1984). Indeed, the Supreme Court in Reynolds explicitly invoked Totten and stated that, in that case “the very subject matter of the action, a contract to perform espionage, was a matter of state secret. The action was dismissed ... since it was so obvious that the action should never prevail over the [state secrets] privilege.” Reynolds, 345 U.S. at 11 n. 26, 73 S.Ct. at 533-34 n. 26.
In effect, plaintiff concedes that he cannot prevail without revealing or compromising government secrets. Hence, he suggests that the government could stipulate that he was employed in a covert CIA sabotage group in order to avoid revealing the identity of the person with whom the alleged contract was made. See Kania v. United States, 227 Ct.Cl. 458, 465, 650 F.2d 264, 268, (plaintiff cannot prevail without identifying the parties in a breach of contract action), cert. denied, 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981).
Plaintiff’s quandary was foreshadowed in the case of Fitzgerald v. Penthouse Int’l, 776 F.2d 1236 (4th Cir.1985). In Fitzgerald, the court applied the Totten prohibition to a complaint based in libel. In noting plaintiff’s suggestion that defendant stipulate that the alleged libel was false, the court stated that, “[a]s truth or falsity of a defamatory statement is the very heart of a libel action, [plaintiff’s] suggestion essentially proves the point that the merits of this controversy are inextricably *373 intertwined with privileged matters.” Id. at 1243 n. 11. Surely, the observation is equally applicable in this case in which plaintiff suggests that defendant stipulate the elements of the contract that plaintiff must prove in order to recover.
In view of our affirmance of the dismissal of plaintiffs complaint under Totten, it is unnecessary to consider the other questions raised. The order of the Claims Court is affirmed.
AFFIRMED.