NICHOLS, Senior Circuit Judge,
concurring.
I agree with and join in Chief Judge Re’s opinion, but would like to add a few comments on the Totten case (Totten v. United States, 92 U.S. 105, 23 L.Ed. 605 (1875) (Field, J.)), with reference to its relation to the Tucker Act, 28 U.S.C. § 1491, under which the government consents to suits on express or implied contracts.
The Totten case was brought, in the United States Court of Claims necessarily, under the Act of February 24, 1855, Ch. CXXII, 10 Stat. 612, which consented to certain suits, among others “all claims * * * upon any contract, express or implied, with the government of the United States.” Totten was administrator of one William A. Lloyd, a spy who had served Lincoln during the Civil War. The Court of Claims dismissed the action without published opinion, 9 Ct.Cl. 506 (1873), but was really equally divided (according to the Supreme Court), whether Lincoln had authority to bind the United States to the contract, or not. The Supreme Court had no difficulty with that, in view of his powers as Commander-in-Chief, and the ongoing war, at least so long as he directed payment out of his contingent fund only. The Supreme Court, however, objected to the Court of Claims considering the case at all.
Justice Field does not mention the Act of February 24, 1855. It, of course, was the predecessor of the present Tucker Act, which originated later on in the Act of March 3, 1887, Ch. 359, 24 Stat. 505, and derives from the 1855 Act the consent to suits “upon any express or implied contract.” The 1855 Act used the unequivocal word “all,” but evidently did not mean absolutely all, “plain language” analysis to the contrary notwithstanding. The objections to jurisdiction are stated succinctly yet in a scattered and diffuse manner, everything a modern Supreme Court opinion seeks not to be. Three different kinds of objections may be found:
(1) a contract enforceable in a consented suit must be one made by an officer authorized to obligate regular appropriated funds of the United States and not just discretionary, secret, or “contingency” funds. Kania v. United States, 227 Ct.Cl. 458, 650 F.2d 264, cert. denied, 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981), involved a related idea. Mr. Kania sought money damages under the Tucker Act for breach of a United States prosecutor’s agreement to grant immunity in return for testimony he needed. Held, the Tucker Act was not meant for undertakings of this kind, nor could the prosecutor be deemed authorized to commit regular government funds, as a procurement contracting officer does. In Hopkins v. United States, 206 Ct.Cl. 303, 513 F.2d 1360 (1975), aff'd in part, vacated in part, 427 U.S. 123, 96 S.Ct. 2508, 49 L.Ed.2d 361 (1976), may be found a history, up to that point, of the frustrated efforts of employees of nonap-propriated fund agencies, and contractors with such agencies, to prosecute claims under the Tucker Act. Congress attempted to amend the Act, Pub.L. No. 91-350 (1970), to rectify this apparent injustice, but it was ineptly phrased and the Supreme Court, vacating Hopkins, 427 U.S. 123, 96 S.Ct. 2508, 49 L.Ed.2d 361 (1976), held it applied to contractors only, not employees.
(2) The subject is made untouchable by the state secrets privilege; and
(3) The issues are naturally nonjusticia-ble respecting a claim properly on the contingency fund, as the court cannot award more than the President is willing to pay. Field distinguishes between what the President might lawfully agree to pay, or actually pay, on the one hand, compared to what the courts might award, on the other hand.
*374 Field seems to assume that courts, being open in their very nature, inherently cannot deal with matters which are secret and must remain so. This proposition more modem courts do not so wholeheartedly accept, but clearly plaintiff in the present case mistook part of the Field decision for all of it. He tried to construct a scenario by which he could prove his case with matters once secret, but now well known, plus other matters the government could stipulate. This did not meet all the grounds of Field’s decision, at most, only some of them.
In applying Totten as a precedent today, therefore, I believe one must consider not only the state secret privilege, but also one must apply a sense of what Congress meant the Tucker Act to do, and when it is to be read as relaxing the congressional hold on the appropriations process. Cf. Lopez v. A.C. & S., Inc., 858 F.2d 712 (Fed.Cir.1988). One is not safe in supposing that the statutory words “all,” or “any” contracts actually mean all. On the other hand, one would not expect that a suit on a regularly awarded defense contract would be held nonjusticiable merely because it was classified in whole or in part.