**W. Barry CAREW, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

**No. 89–3081.**

United States Court of Appeals,
Federal Circuit.

June 20, 1989.

Kathleen P. Mahon–Solerwitz, Great Neck, N.Y., for petitioner.

Carolyn Mark, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent. With her on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director.

Before FRIEDMAN, MAYER and MICHEL, Circuit Judges.

MAYER, Circuit Judge.

OPINION

W. Barry Carew appeals the final order of the Merit Systems Protection Board denying his petition for review of a remand initial decision of the administrative judge, that he is barred from receiving civil service retirement credit as a "law enforcement officer" for his service with the Central Intelligence Agency because 50 U.S.C. § 403(d)(3) expressly precludes the CIA from performing "law enforcement" functions. *Carew v. Office of Personnel Management,* 34 M.S.P.R. 527 (1987). We affirm.

## Background

From August 31, 1959, through July 22, 1972, Carew was employed by the CIA. Since then he has been employed by the Bureau of Narcotics and Dangerous Drugs of the Department of Justice, and its successor, the Drug Enforcement Administration. Upon assuming his duties at Justice, Carew became subject to the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8331 *et seq.* When the Federal Employees Retirement System (FERS), 5 U.S.C. § 8401 *et seq.*, was enacted in 1986, Carew did not elect to join it and remains subject to the CSRA.

In response to Carew's request for a ruling on the creditability of his prior service, the Office of Personnel Management (OPM) ruled that his positions at Justice were "law enforcement officer" positions within the meaning of 5 U.S.C. § 8331(20), and he is, therefore entitled to retirement credit under 5 U.S.C. § 8336(c)(1)[1] for his tenure there. The question here is whether Carew is similarly entitled to treat his service with the CIA as law enforcement under the same statute. OPM said no, and the Board's administrative judge agreed in his initial decision of July 3, 1986. Granting summary judgment in favor of OPM, the administrative judge reasoned that because 50 U.S.C. § 403(d)(3)[2] prohibits the CIA from engaging in law enforcement, Carew's service with that agency could not, as a matter of law, be credited toward his law enforcement retirement.

On review, the Board vacated the initial decision, holding that Carew was entitled to a hearing. But because the legal question of whether section 403(d)(3) precludes Carew's claim was dispositive, it instructed the administrative judge that on remand Carew need only be offered an opportunity to present oral argument, 34 M.S.P.R. 527 (1987). Carew petitioned this court for review of the Board's order, arguing that he was entitled to a full evidentiary hearing. Because "[a]n order, such as this, remanding a matter to an administrative agency for further proceedings is not final," we dismissed the appeal without prejudice. *Carew v. Office of Personnel Management*, No. 87–3583 (Nov. 25, 1987).

On remand, Carew declined to present oral argument; instead he submitted a supplemental written statement. The administrative judge again affirmed OPM's determination that Carew was not entitled to law enforcement retirement credit for his service with the CIA. This became the final decision of the Board when Carew's petition for review was denied.

## Discussion

Carew argues that the Board erred in denying him a full evidentiary hearing to establish that he performed duties during his tenure with the CIA that were "substantially similar," and indeed "identical," to those of a law enforcement officer as defined by 5 U.S.C. § 8331(20), and that those years are creditable toward his law enforcement retirement. We disagree with both contentions.

■ Carew premises his purported "right to a full evidentiary hearing" on 5 U.S.C. § 7701(a)(1). Even if this provision, which gives an appellant before the Board the right "to a hearing for which a transcript will be kept," requires a trial-type hearing as Carew urges, it does not apply to this situation. "It is clear, rather, that the basic source of the Board's authority in this general area lies in 5 U.S.C. § 8347(d)(1), which provides that such retirement matters 'may be appealed to the Merit Systems Protection Board *under procedures prescribed by the Board.*'"

---

**1.** 5 U.S.C. § 8336(c)(1) provides: "An employee who is separated from the service after becoming 50 years of age and completing 20 years of service as a law enforcement officer or firefighter, or any combination of such service totaling at least 20 years, is entitled to an annuity." For purposes of section 8336(c)(1), a "law enforcement officer" is defined at 5 U.S.C. § 8331(20) as "an employee, the duties of whose position are primarily the investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of the United States...."

**2.** In pertinent part, 50 U.S.C. § 403(d)(3) provides "[t]hat the Agency shall have no police, subpena law-enforcement powers, or internal-security functions...."

*Lindahl v. Office of Personnel Management*, 776 F.2d 276, 278 (Fed.Cir.1985). If there were any doubt about this, section 8347(n)(4)(B) stipulates that "section 8347(d) of this title shall apply with respect to employees of the Central Intelligence Agency who are subject to the Civil Service Retirement System."[3] The Board gave Carew the opportunity to present oral argument on the question of law it found dispositive of his case. He declined the opportunity, but we see no inadequacy in the procedure.

We agree with the Board that the question presented is one of law. So further exposition of Carew's particular factual situation was unnecessary. Even if given an opportunity for an evidentiary hearing, he would not have been able to flesh out through "witnesses and evidence" the nature of his duties while with the CIA because, as he concedes, his clandestine service is the subject of a secrecy agreement he signed, and information about his assignments cannot be divulged. *Cf. Guong v. United States*, 860 F.2d 1063, 1065 (Fed. Cir.1988) (former CIA operative prohibited from obtaining judicial enforcement of secret contract with the government because of the implied condition in "all secret employments with the government" that "the lips [of both the government and the agent] were to be forever sealed respecting the relation of either to the matter") (quoting *Totten v. United States*, 92 U.S. 105, 106, 23 L.Ed. 605 (1875)).

 Turning to the merits, 50 U.S.C. § 403(d)(3) precludes CIA employees from obtaining law enforcement retirement credit under the CSRA for their years with that agency. This provision denies the CIA any "law enforcement powers," and prevents its employees, as a matter of law, from functioning as "law enforcement officers" as defined in 5 U.S.C. § 8331(20). Even if we assume for purposes of argument that CIA officers might be said to be involved, however tangentially, in the "investigation, apprehension, or detention" of violators of

United States criminal laws in the course of their intelligence-gathering duties overseas, section 403(d)(3) at the least prevents them from being "primarily" engaged in these activities. They therefore cannot qualify under section 8331(20).

There does not appear to be any disagreement about this, either by the CIA or Congress. In a letter to OPM in this case, the CIA attested that as a consequence of the limitation on its authority imposed by section 403(d)(3), "Agency employees are not tasked with responsibilities relating to enforcement of U.S. laws or the apprehension or detention of persons suspected or convicted of offenses against the criminal laws of the United States." Likewise, in enacting FERS in 1986, Congress acknowledged that enhanced retirement benefits under the CSRA are unavailable to CIA employees precisely because "CIA personnel are not law enforcement officers, and indeed, are prohibited by section 102(d)(3) of the National Security Act [50 U.S.C. § 403(d)(3)] from exercising law enforcement powers." Conf.Rep. No. 99–606, 99th Cong., 2d Sess., 155 (1986). Indeed, a careful reading of Carew's argument reveals that he really does not contend otherwise. His position is not that his primary duties were those of a law enforcement officer, but that "[b]y logical extension" of his responsibilities, he "investigat[ed] persons involved in violations of U.S. laws," and used techniques that "are the same used by pracaticioners [sic] of law enforcement throughout the world." This does not meet section 8331(20)'s requirements.

*Conclusion*

Accordingly, the Board's decision is affirmed.

AFFIRMED.

---

**3.** This provision became effective January 1, 1987, and applies to the Board's August 25, 1987

remand of Carew's appeal.