# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VERNA LEWIS,

        Appellant,

      v.

UNITED STATES POSTAL SERVICE,

        Agency.

DOCKET NUMBER
NY-0839-14-0278-I-1

DATE: March 20, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Kavin L. Edwards, New York, New York, for the appellant.

Donald Spector, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal under the Federal Erroneous Retirement Coverage Corrections Act (FERCCA) for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the field office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      The appellant was formerly employed by the U.S. Postal Service (the agency) in a Civil Service Retirement System (CSRS) covered position until she resigned on August 12, 1980.  Initial Appeal File (IAF), Tab 20, Subtab 3 at 9, 13.  Subsequently, she applied for reinstatement with the agency on December 1, 1981, was rehired effective February 4, 1984, and was converted to the Federal Employees' Retirement System (FERS) on January 1, 1987.  IAF, Tab 1 at 7, Tab 14, Subtabs 5-6.  The appellant retired from service on February 14, 2014.  IAF, Tab 1 at 3.  Since approximately 2003, the appellant has exchanged correspondence with both the agency and the Office of Personnel Management (OPM) in which she claimed that she had been improperly placed in FERS instead of CSRS after her reinstatement and requested an investigation of the circumstances surrounding the delay in her reinstatement.  IAF, Tab 1 at 7-8, Tab 11 at 2-3, Tab 20, Subtab 1 at 44-57, Subtabs 2-4.  According to the appellant, but for the agency's improper actions in delaying her reinstatement, she would have been placed in CSRS.  IAF, Tab 20, Subtab 1 at 1-6.

¶3      The appellant thereafter filed an appeal of a May 8, 2014 letter from OPM which informed her that, after her reinstatement on February 4, 1984, she was properly placed in FERS instead of CSRS, effective January 1, 1987, because she had less than 5 years of creditable civilian service as of December 31, 1986.  IAF, Tab 1 at 7.  The appellant also asserted that, under the terms of her collective bargaining agreement, she should have been rehired by the agency at an earlier date.  *Id.* at 4; IAF, Tab 7 at 3, 5.  In addition, the appellant contended that in failing to reinstate her sooner, the agency violated 5 C.F.R. § 300.103, discriminated against her on the basis of her race, committed prohibited personnel practices, and that its actions constituted harmful procedural error and were not in accordance with law.  IAF, Tab 1 at 4, Tab 7 at 3, 5-6.

¶4      The administrative judge issued an order to show cause directing the appellant to file evidence and argument to prove that her FERCCA appeal was

within the Board's jurisdiction.  IAF, Tab 3.  The appellant submitted several responses to the administrative judge's order.  IAF, Tab 7 at 2-3, 5.

¶5        Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 22, Initial Decision (ID). Specifically, the administrative judge found that the appellant failed to establish jurisdiction over her FERCCA appeal because she failed to show that she was placed in the wrong retirement plan.  ID at 4.  According to the administrative judge, during a June 27, 2014 status conference, the appellant indicated that she was not seeking to raise a claim pursuant to 5 C.F.R. § 300.103.  ID at 4.  The administrative judge also found that "based on further development of the facts," the appellant was actually raising a FERCCA, not an improper restoration, claim. ID, at 2, n.1.  The administrative judge further found that, in the absence of an otherwise appealable action, the Board lacked jurisdiction over the appellant's remaining claims of discrimination, action not in accordance with law, prohibited personnel practice, and harmful procedural error.  ID at 4, n.3.

¶6        The appellant has filed a petition for review in which she asserts, inter alia, that the administrative judge erred in dismissing her FERCCA claim for lack of jurisdiction because OPM's decision informing her that she was correctly placed in FERS affected her rights under FERCCA, and therefore constitutes an appealable decision under 5 C.F.R. § 839.1302.  Petition for Review (PFR) File, Tab 1 at 27-28.[2]  The agency has filed a response in opposition to the appellant's petition.  PFR File, Tab 3.  The appellant has filed a reply.  PFR File, Tab 4.

---

[2] For the first time on review, the appellant argues that she was reduced in grade and pay and contends that the agency violated 42 U.S.C. § 2000e-16(a).  PFR File, Tab 1 at 10-18.  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant has not attempted to show that her new arguments are based on new or material evidence not previously available.  PFR File, Tab 1.  Accordingly, the appellant's new arguments will not be considered on review.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶7        As stated above, the administrative judge found that the Board lacked jurisdiction over the appeal under FERCCA.  ID at 4.  FERCCA addresses the problems created when employees are in the wrong retirement plan for an extended period.  *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 13 (2012); 5 C.F.R. § 839.101(a).  An employee may seek relief under FERCCA if the employee experienced a "qualifying retirement coverage error," defined as an "erroneous decision by an employee or agent of the Government as to whether Government service is CSRS covered, CSRS Offset covered, FERS covered, or Social Security-Only covered that remained in effect for at least 3 years of service after December 31, 1986."  *Poole*, 117 M.S.P.R. 516, ¶ 13; 5 C.F.R. § 839.102.  An employee who has been the subject of a qualifying retirement coverage error under FERCCA may be entitled to various forms of relief, including a choice of retirement plans.  *Poole*, 117 M.S.P.R. 516, ¶ 13.  Moreover, a decision that affects an individual's rights or interests under FERCCA, such as an agency's determination that a retirement coverage error is not subject to FERCCA, is appealable to the Board.  5 C.F.R. § 839.1302(a).

¶8        Via letter dated May 8, 2014, OPM informed the appellant that she had not experienced a retirement coverage error and she had been properly placed in FERS, effective January 1, 1987. IAF, Tab 1 at 7.  The appellant contends that this is inaccurate and seeks to be transferred from FERS to CSRS.  *Id.* at 4; IAF, Tab 20, Subtab 1 at 1.  Whether the appellant experienced a retirement coverage error is an issue that affects the appellant's rights under FERCCA.  *See* 5 C.F.R. § 839.1302(a).  Consequently, we find that the Board has jurisdiction over the appellant's FERCCA claim and the administrative judge erred in dismissing the appeal for lack of jurisdiction.

¶9        Under federal retirement law, an individual who was rehired after December 31, 1983, after a break in CSRS covered service of more than 1 year, and who had less than 5 years of federal service as of December 31, 1986, was

automatically placed in FERS, effective January 1, 1987.[3] 5 U.S.C. § 8402(b)(2)(B); *see CSRS and FERS Handbook for Personnel and Payroll Offices*, *Section 10A1.1-2* (Apr. 1988), *available at* http://www.opm.gov/ retirement-services/publication-forms/csrsfers-handbook/. Based on the record below, it appears undisputed that the appellant was rehired, effective February 4, 1984, and she had less than 5 years of federal civilian service as of December 31, 1986. IAF, Tab 1 at 7; ID at 3. We are unable to resolve the appeal, though, because the appellant requested but did not receive a hearing. *See Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶ 14 (2010); *see also* 5 U.S.C. § 7701(a)(1) (an appellant who files an appeal before the Board has the right to a hearing for which a transcript will be kept).

¶10        However, both the Board and its reviewing court have held that where an appeal presents solely questions of law, the Board has the discretion to decide a case without a full evidentiary hearing. *Carew v. Office of Personnel Management*, 878 F. 2d 366, 367-68 (Fed. Cir. 1989); *Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶¶ 12-13 (2004), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005). Where there is no dispute of material fact and the outcome of the appeal is a matter of law, the hearing required under 5 U.S.C. § 7701(a)(1) may be limited to an opportunity to present oral argument on the dispositive legal

---

[3] Former federal employees, such as the appellant, who were previously covered by CSRS but who had a break in service greater than 365 days, and were rehired on or after January 1, 1984, were placed in a hybrid of CSRS and FERS called CSRS Interim. Congress established the CSRS Interim retirement program in 1983, to cover the transition period between the CSRS and a new retirement program to be created in the future. Federal Employees' Retirement Contribution Temporary Adjustment Act of 1983, Pub. L. No. 98-168, Title II, 97 Stat. 1106 (Nov. 29, 1983). On June 6, 1986, Congress passed legislation establishing FERS, a new retirement plan for federal employees. 5 U.S.C. § 8401 et seq. The CSRS Interim retirement program was eventually phased out and CSRS Interim employees who did not have at least 5 years federal civilian service as of December 31, 1986, were automatically transferred to FERS coverage on January 1, 1987. 5 U.S.C. § 8402(b); 5 C.F.R. § 842.104(d).

issue. *Muyco*, [114 M.S.P.R. 694](#), ¶ 14. Accordingly, on remand, unless the appellant identifies a genuine dispute of material fact regarding her FERCCA claim, the hearing regarding this claim may be limited to oral argument on the issue of whether she had a qualifying retirement coverage error under FERCCA. *See id*.

¶11    The appellant also generally reasserts her arguments below that the agency violated its collective bargaining agreement, discriminated against her, and engaged in harmful procedural error when it failed to follow appropriate rules and regulations regarding her delayed reinstatement, and she contends that the administrative judge erred in failing to inform her of her jurisdictional burden concerning such claims. PFR File, Tab 1 at 7-8, 23-24. As the administrative judge correctly noted, however, the appellant clarified during the June 27, 2014 status conference that she was actually making these contentions in support of her FERCCA claim, for which she has received jurisdictional notice, and that she is not now seeking restoration to the position she occupied prior to her retirement. We leave it to the administrative judge to consider such contentions in the first instance in the context of her FERCCA claim.

## ORDER

For the reasons discussed above, we REMAND this case to the field office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.