NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3318

CHARLES H. JOHNSON,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED: December 16, 2004

_____

Before NEWMAN, MICHEL, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Charles H. Johnson petitions for review of the decision of the Merit Systems Protection Board, Docket No. CH3443040008-I-1, dismissing his complaint that the Department of the Air Force (the Agency) improperly failed to select him for a position of laborer, WG-3502-03.  We <u>affirm</u> the decision of the Board.

BACKGROUND

Mr. Johnson applied for a summer position as a laborer with the Agency in February 2003, by sending a resume and a letter from the Department of Veterans Affairs certifying that he was receiving compensation for a 10% service connected disability. By letter of March 12, 2003 the Agency declined to hire him, stating that he had failed to specify a job title or announcement number. Mr. Johnson then appealed to the Board, alleging that the Agency's action violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) and the Veterans Employment Opportunities Act of 1998 (VEOA).

The Board dismissed the appeal for lack of jurisdiction. In an Initial Decision of January 6, 2004 the Administrative Judge (AJ) dismissed the USERRA cause of action for failure to state a claim, finding that Mr. Johnson had not pleaded facts which, if proven, would establish a violation of the USERRA. The AJ dismissed the VEOA cause of action because Mr. Johnson had not first filed a claim with the Department of Labor, a prerequisite to the Board's jurisdiction in VEOA claims. The full Board declined review, and this appeal followed. Mr. Johnson appeals only the dismissal of the USERRA cause of action.

DISCUSSION

The Board generally lacks jurisdiction to review an agency's decision not to select an applicant for a particular position. However, the USERRA provides that the Board may hear such a case if it is based on a non-frivolous allegation that the applicant's prior military service was a substantial or motivating factor in the agency's decision not to select the applicant. See Sheehan v. Department of the Navy, 240 F.3d 1009, 1014 (Fed. Cir. 2001). In order to state a claim the applicant must allege facts which, if proved, establish such discrimination; the mere allegation of discrimination, without the allegation of specific

supporting facts, is not sufficient. <u>See</u> <u>Dick v. Department of Veterans Affairs</u>, 290 F.3d 1356, 1361 (Fed. Cir. 2002).

As the AJ correctly found, Mr. Johnson did not allege the necessary specific facts to support a claim of discrimination based on prior military service. Mr. Johnson pointed only to facts that he was not selected and that he is a disabled veteran. Standing alone, these are not sufficient to support the USERRA claim.

Mr. Johnson focuses in his appeal on the fact that the AJ decided the case based on the parties' written submissions and did not grant his request for a hearing. However, whether an appellant's allegations are sufficient to support his claim is a question of law upon which a hearing need not be granted when there are no material factual issues to be decided. <u>See</u> <u>Carew v. Office of Pers. Mgmt.</u>, 878 F.2d 366, 368 (Fed. Cir. 1989) (hearing not required in determining question of law). Mr. Johnson was notified by the AJ of the infirmities of his case in an Order to Show Cause dated Oct. 31, 2003. The show cause order specifically pointed out the need for specific allegations of fact in support of his USERRA claim and provided an opportunity to respond. The AJ did not err in deciding the case upon the written submissions.

We agree with the Department of the Air Force that because Mr. Johnson did not state a claim upon which relief could be granted, the Board lacked jurisdiction to hear his USERRA claim. Accordingly the dismissal is affirmed.

04-3318                                            3