# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CLIFFORD S. NASDAHL,
                Appellant,

       v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                Agency.

DOCKET NUMBER
AT-0831-16-0337-I-1

DATE: October19, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Clifford S. Nasdahl</u>, Memphis, Tennessee, pro se.

<u>Kristine Prentice</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify the grounds for dismissal, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 In this appeal, the appellant contended that the Office of Personnel Management (OPM) had denied him a waiver of interest he claims that he accrued as a result of being placed in the wrong retirement system. Initial Appeal File (IAF), Tab 1. He requested a hearing. *Id.* His submission did not include any documentation from OPM regarding his appeal. In its response, OPM noted that its file on the matter did not contain a final decision regarding the issue the appellant had raised in his Board appeal. IAF, Tab 6 at 4. Instead, OPM asserted that its file included a decision issued under the authority of the Federal Erroneous Retirement Coverage Corrections Act (FERCCA) and that the decision was not appealable to the Board. *Id.* at 4-6; 5 C.F.R. § 839.1303 (OPM decisions under 5 C.F.R. part 839, subpart L, Discretionary Actions by OPM, may not be appealed). OPM further asserted that it "must review the appellant's file to determine the course of action on his request for waiver of interest on a service credit payment in accordance with the appropriate statute and regulations, while

also preserving his due process rights." IAF, Tab 6 at 4. The appellant made no further submissions below save for registration as an e-filer. IAF, Tab 4.

¶3 The administrative judge dismissed the appeal for lack of jurisdiction on the written record without holding a hearing because the record showed that OPM had yet to issue a final decision in this matter. IAF, Tab 7, Initial Decision (ID) at 2 (citing *Autrey v. Office of Personnel Management*, 27 M.S.P.R. 130 (1985) (finding that the Board lacks jurisdiction over retirement matters in the absence of a final decision from OPM)). He explained his understanding that OPM would issue a final decision in this matter and that once it does so, that decision would be appealable to the Board. ID at 2.

¶4 In his petition for review, the appellant claims that he has been unable to contact the OPM representative responsible for his claim and that he has not received anything further from OPM. Petition for Review (PFR) File, Tab 1 at 1. With his petition for review, he includes a copy of OPM's response to the administrative judge's acknowledgment order and a copy of the initial decision.[2] *Id.* at 5-14. OPM responds in opposition to the appellant's petition for review. PFR File, Tab 4.

¶5 The appellant bears the burden of proof on retirement matters and must show by preponderant evidence that he is entitled to receive the benefits he seeks. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(i)(A). When there is a pure question of law, the appeal may be decided without a hearing. *Carew v. Office of Personnel Management*, 878 F.2d 366, 367-68 (Fed. Cir. 1989); *Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12-13 (2004), *aff'd*, 121 F. App'x 865

---

[2] The appellant filed an additional pleading on August 30, 2016. The Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response. PFR File, Tab 5; *see* 5 C.F.R. § 1201.114(a)(5). Because the appellant failed to file a motion with and obtain leave from the Clerk of the Board prior to filing his additional pleading, the pleading was rejected and returned to the appellant without consideration. PFR File, Tab 5.

(Fed. Cir. 2005). As set forth below, the Board lacks jurisdiction over the appellant's appeal, regardless of whether OPM has issued a final decision.

¶6 Here, the appellant requested an interest waiver, IAF, Tab 1, but OPM has a statutory obligation to charge interest for service credit deposits. Pursuant to 5 U.S.C. § 8334(e), interest accrues annually and is compounded annually, until the appellant makes the deposit. Pursuant to 5 U.S.C. § 8411(f), an employee may not be allowed credit for prior service unless the employee makes the appropriate deposit with interest. Moreover, based on those statutes, as OPM explained, IAF, Tab 6 at 5, there is no authority for the agency to waive interest. To rectify a FERCCA error, OPM also has discretionary authority to reimburse certain out-of-pocket expenses, but there is no provision for an interest waiver. 5 C.F.R. §§ 839.1201-.1204. But, even assuming the agency had discretionary authority to provide the appellant with some form of relief, there would be no Board jurisdiction over its decision. On the contrary, OPM makes those decisions in its sole discretion. 5 C.F.R. §§ 839.1201(a), 839.1202(a), 839.1203(a). Such decisions are final and conclusive and are not subject to administrative or judicial review. 5 C.F.R. §§ 839.1302-.1303 (claimants may appeal OPM FERCCA decisions except an OPM decision under subpart L).

¶7 Accordingly, for the reasons set forth above, we find that the Board lacks jurisdiction over the appellant's appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal

Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                           _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.